James CUNNINGHAM, Tony Williams, Appellants,

v.

Governor Robert D. RAY et al., Appellees.

No. 81–1257.

United States Court of Appeals, Eighth Circuit.

Submitted May 12, 1981.

Decided May 18, 1981.

Tony Williams, pro se, on brief.

Appellees did not file brief.

Before BRIGHT, ROSS, and McMILLIAN, Circuit Judges.

PER CURIAM.

James Cunningham and Tony Williams, inmates of the Iowa State Penitentiary, brought this civil rights action pro se against the governor of Iowa in his official

capacity and against two former employees of the Iowa Department of Social Services in their individual capacities. The district court[1] dismissed their complaint for failure to state a claim upon which relief could be granted pursuant to Fed.R.Civ.P. 12(b)(6). We affirm.

In their complaint Cunningham and Williams alleged that appellees' nonfeasance in supervising the administration of the Iowa State Penitentiary resulted in the murder of Cunningham's brother, then an inmate of the prison, by fellow inmates in 1977. In addition, Cunningham and Williams alleged that appellees were responsible for a "constant threat of violence" which pervades the prison and subjects them to cruel and unusual punishment.

The district court granted appellants' motion to file their complaint in forma pauperis, but in so doing held that James Cunningham lacked standing in his individual capacity to seek redress for any violation of his brother's civil rights. Appellants object that the district court failed to cite authority for this proposition and suggest that it is erroneous.

Because 42 U.S.C. § 1983 (1976) is silent on the question of standing, state law governs the resolution of this issue. *See Landrum v. Moats*, 576 F.2d 1320, 1323 n.2 (8th Cir.), *cert. denied*, 439 U.S. 912, 99 S.Ct. 282, 58 L.Ed.2d 258 (1978) (and authority cited). Iowa law provides for the survival of causes of action notwithstanding the death of the person to whom they have accrued. Iowa Code § 611.20 (1979). Any cause of action resulting from a decedent's death, however, may be brought only by the administrator of a decedent's estate or by the decedent's successor in interest. Iowa Code § 611.22 (1979). Surviving relatives have no standing to bring suit on such a cause of action in an individual capacity. *See, e.g., Wendelin v. Russell*, 259 Iowa 1152, 1156, 147 N.W.2d 188, 191 (1966). The district court therefore correctly held that Cunningham lacked standing to assert his deceased brother's civil rights claim.

After the district court ordered the filing of appellants' complaint, appellees moved to dismiss the complaint's sole remaining count on numerous grounds, including its failure to state a claim on which relief could be granted. In granting the motion the district court accurately noted that, apart from the 1977 death of Cunningham's brother, appellants "have alleged no * * * facts in support of their conclus[ory allegation] that violence and terror are a constant threat to their wellbeing."

Moreover, in resisting the motion to dismiss, appellants failed to adduce a single fact in support of their conditions of confinement claim, but rather asserted that they would "stand on the data included in [their] original complaint[.]" However, in asserting such a claim even pro se litigants must set it forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law. *E.g., Nickens v. White*, 536 F.2d 802, 803 (8th Cir. 1976). This appellants have failed to do.

Accordingly, we summarily affirm the district court's judgment of dismissal. *See* Eighth Circuit Rule 9(a).

---

1. The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.