**EDWARD B., et al.,**
**Plaintiffs, Appellants,**

v.

**Kenneth PAUL, et al.,**
**Defendants, Appellees.**

**No. 86–1479.**

United States Court of Appeals,
First Circuit.

Heard Oct. 7, 1986.
Decided March 25, 1987.

Ronald K. Lospennato, Developmental Disabilities Advocacy Center, Inc., Concord, N.H., for plaintiffs, appellants.

Emily Gray Rice, Asst. Atty. Gen., Civil Bureau, with whom Stephen E. Merrill, Atty. Gen., Concord, N.H., was on brief, for defendants, appellees.

Before CAMPBELL, Chief Judge, BROWN,* Senior Circuit Judge, and BOWNES, Circuit Judge.

LEVIN H. CAMPBELL, Chief Judge.

Appellants seek to compel the New Hampshire State Board of Education, at its own expense, to provide them with a written transcript of an administrative hearing held pursuant to the Education for All Handicapped Children Act, 20 U.S.C. §§ 1401 *et seq.* (1982). While the state agency acknowledges a statutory duty to furnish a taped recording of the hearing, and has done so, it denies any further responsibility.

The Education for All Handicapped Children Act ("EAHCA") provides that, in order to qualify for federal financial assistance, a state must assure all handicapped children the right to a free, appropriate public education. 20 U.S.C. § 1412(1) (1982). The Act requires each state to (1) develop a state plan which describes the goals, programs and timetables under which handicapped children will be educated, *id.* §§ 1412, 1413, and (2) develop an individualized education program for each child in order to ensure a free, appropriate public education. 20 U.S.C. § 1412(4).

The Act also requires that the states provide certain procedural safeguards. These include the opportunity for an impartial due process hearing. 20 U.S.C. § 1415(b)(2). Any party to such an administrative hearing

> shall be accorded (1) the right to be accompanied and advised by counsel and by individuals with special knowledge or training with respect to the problems of handicapped children, (2) the right to present evidence and confront, cross-examine, and compel the attendance of witnesses, (3) *the right to a written or electronic verbatim record of such hearing,* and (4) the right to written findings of fact and decisions....

20 U.S.C. § 1415(d) (emphasis supplied).

Any party aggrieved by the findings and decision made in the administrative hearing has a right to bring a civil action in a state or a federal district court. 20 U.S.C. § 1415(e)(2). In such an action, the court receives the records of the administrative proceedings, relying both upon them and whatever additional evidence is produced before the court itself. *See Town of Burlington v. Department of Education,* 736 F.2d 773, 790–91 (1st Cir.1984).

Appellant Edward B., who is the father of appellant Laurie B. (a handicapped child), complained about the lack of a free education for Laurie B. They received an administrative hearing on their complaint, as authorized under EAHCA, 20 U.S.C. § 1415, and the New Hampshire statute which implements the state's duties under

---

* Of the Fifth Circuit, sitting by designation.

EAHCA. *See* N.H.Rev.Stat.Ann. § 186–C:16(IV) (Supp.1985). Dissatisfied with the outcome of the administrative proceedings, they instituted an action in the United States District Court for the District of New Hampshire.

The present appeal arises from a separate district court action brought by appellants challenging the state's refusal to provide them with a free written transcript of the administrative hearing for use in their pending suit. Appellants contend that the EAHCA entitles them to a transcript, and also that the due process and equal protection clauses of the United States Constitution, as implemented under 42 U.S.C. § 1983 (1982), give such a right. Appellants sought a preliminary injunction ordering New Hampshire to furnish a written transcript, free from charge. While the state furnished a verbatim taped recording of the administrative hearing, it refused to transcribe it at its own expense. Appellants assert that they are indigents and cannot afford to pay the $3,000 that it will cost them to transcribe the tape.

The district court denied a preliminary injunction, and dismissed for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6). Appellants now appeal from the dismissal and from the denial of injunctive relief.

Appellants' complaint should have been dismissed for failure to state a claim only if they could prove no set of facts in support of their claim which would entitle them to relief. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). We find that the district court did not err in granting the motion to dismiss as appellants have presented no cognizable claim under either the Education for All Handicapped Children Act, or 42 U.S.C. § 1983. Since appellants did not state a claim upon which relief may be granted, the denial of injunctive relief was also proper.

## I. THE EDUCATION FOR ALL HANDICAPPED CHILDREN ACT

■ The EAHCA affords any party to an administrative hearing "the right to a written or electronic verbatim record of such hearing." 20 U.S.C. § 1415(d). Like the court below, we read this to give appellants only the right to receive either a written *or* an electronic verbatim record of the hearing, with the state having the authority to provide either alternative, at its option. Here, the State of New Hampshire has provided an electronic recording of the hearing, and so has complied with the statute.

We, of course, accept appellants' argument that a written transcript of the state administrative hearing would be more helpful than a recording for purposes of a civil action under the EAHCA. In this regard, it seems likely, although we do not now decide the question, that a district court has discretion in a non-frivolous civil action brought under 20 U.S.C. § 1415(e)(2) to order the transcription of the state administrative record at *federal* expense where the litigant is indigent and his case substantial. *See* 28 U.S.C. § 753(f) (1982). But even if that option is available, appellants' problem should be addressed to Congress or to the New Hampshire legislature rather than to this court. Any non-constitutional right appellants may have to force the state to pay for such a transcript would have to derive from the language of the EAHCA, and since the state has complied with that language, which is clear, there is no basis for relief. We add that there is no legislative history revealing a congressional intent, by means of the statute in issue, to impose a duty upon the states to furnish a free written transcript. Congress clearly provided that a verbatim record be kept and be furnished to a party—which occurred here; but Congress allowed this to be accomplished by electronic as well as by written means, leaving appellants with their present problem. We, therefore, agree with the court below that appellants have not stated a claim under the EAHCA upon which relief may be granted.

## II. DUE PROCESS

Appellants point out that due process of law may require a meaningful opportunity to be heard. *Boddie v. Connecticut*, 401 U.S. 371, 378, 91 S.Ct. 780, 786, 28 L.Ed.2d 113 (1971). As it is difficult to exercise

their opportunity to be heard with only an electronic recording of the administrative hearing, they argue that the refusal to supply a free written transcript violates the due process clause of the fifth and fourteenth amendments.

In *Boddie* the Court held that due process of law prohibits a state from denying indigents, because of their inability to pay filing fees, access to its courts for the dissolution of marriage. *Boddie*, 401 U.S. at 379, 91 S.Ct. at 786. We do not believe, however, that *Boddie* is controlling here. The present circumstances are more akin to those in *Ortwein v. Schwab*, 410 U.S. 656, 93 S.Ct. 1172, 35 L.Ed.2d 572 (1973). In *Ortwein*, indigent welfare recipients claimed that an appellate court's filing fee interfered with their due process right to be heard (as established in *Boddie* ) when they sought judicial review of an administrative agency's determination of the proper amount of welfare payments. The Court in *Ortwein* distinguished *Boddie* as a case dealing with the fundamental right of marriage; it noted that access to the courts was the sole means of dissolving marriage. *Boddie*, 410 U.S. at 658, 93 S.Ct. at 1173; *United States v. Kras*, 409 U.S. 434, 441, 93 S.Ct. 631, 636, 34 L.Ed.2d 626 (1973).

The *Ortwein* Court went on to hold that, at least where no fundamental right was at stake, due process had been satisfied because the indigent welfare recipients had received an administrative hearing.[1] The appellate court's filing fee did not violate due process because, as the Court noted, "[t]his Court has long recognized that, even in criminal cases, due process does not require a State to provide an appellate system." *Ortwein*, 410 U.S. at 660, 93 S.Ct. at 1174.

In the present case, appellants have received an administrative hearing, satisfying their basic right to due process.[2] While the lack of a free written transcript may make review of the administrative proceedings in a civil action more difficult, this does not deny them fundamental due process.

## III. EQUAL PROTECTION

Appellants contend that the state's refusal to provide a free transcript violates their rights under the equal protection clause of the fourteenth amendment to the Constitution. Appellants say that such refusal results in a classification based impermissibly on wealth or on Laurie B.'s handicap, and deprives them of the equal right to a free, appropriate education.

A legislative decision to provide aggrieved parties with either a recording or a transcript of the administrative hearing falls within the realm of economic and social welfare legislation. Absent a suspect class or the denial of a fundamental right, such a legislative choice is presumed to be valid and, if rational, will survive an equal protection challenge. *See City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 105 S.Ct. 3249, 3254–55, 87 L.Ed.2d 313 (1985).

Appellants have not shown that the EAHCA infringes upon the rights of any suspect class. The Supreme Court recently

---

1. To meet due process standards, an administrative hearing must provide adequate procedural safeguards. *See Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). In the present case, appellants do not allege that the administrative hearing did not comport with the procedural requirements of due process. We doubt that appellants could make such a claim as the statutory procedural requirements under the EAHCA, such as the right to be accompanied by counsel, the right to present evidence and to cross-examine, and the right to written findings of fact (*see* 20 U.S.C. § 1415(d)), comply with the dictates of *Goldberg v. Kelly*, 397 U.S. at 266–71, 90 S.Ct. at 1019–22.

2. Appellants urge this court to apply the three-part test of *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976) (private interest affected, risk of erroneous deprivation, value of additional procedural safeguards) to the question of whether due process requires a free transcript on appeal. Appellants misconstrue the applicability of *Mathews*. The *Mathews* test determines what procedural due process protections are required in an administrative hearing. Once there has been a sufficient administrative hearing, the reasoning of *Ortwein*, rather than *Mathews*, applies in respect to judicial review of the administrative proceeding.

held that handicapped persons are not a suspect class, and so legislative classifications based upon handicaps will not be given heightened scrutiny. *City of Cleburne,* 105 S.Ct. at 3255–56 (lower court "erred in holding mental retardation a quasi-suspect classification calling for a more exacting standard of judicial review than is normally accorded economic and social legislation").

Appellants' claim of an impermissible discrimination based upon wealth similarly fails to identify a suspect class. A classification based upon indigency receives the heightened scrutiny afforded a suspect class only if indigents are "completely unable to pay for some desired benefit, and as a consequence, they sustained an absolute deprivation of a meaningful opportunity to enjoy that benefit." *San Antonio School District v. Rodriguez,* 411 U.S. 1, 20, 93 S.Ct. 1278, 1290, 36 L.Ed.2d 16 (1973). Here, the alleged classification based upon wealth makes recourse to the courts more difficult, but it does not absolutely deprive indigents of recourse.[3] Therefore, the refusal to provide a free transcript does not affect a suspect class.

Neither have appellants shown the deprivation of a fundamental right. The Supreme Court has held that education is not a fundamental right under the Constitution. *San Antonio School District,* 411 U.S. at 35, 93 S.Ct. at 1297.

■ We conclude that the appropriate standard for our review of this legislative enactment is whether it bears a rational relationship to a legitimate governmental interest. The decision by Congress to give the states the option of maintaining a record by either electronic recording or written means is rational. It accomplishes the fundamental purpose of preserving a record, which might otherwise not be done, but spares the states the additional expense of transcribing the record. Congress could have felt this was as far as it wanted to go.

Because appellants have no right under the EAHCA to a free written transcript, the court was correct in dismissing appellants' complaint for failure to state a claim upon which relief may be granted. Since the provision under the EAHCA for an electronic recording or a transcript does not violate appellants' constitutional rights to due process and equal protection, the district court also properly dismissed appellants' section 1983 claim. Since appellants did not state any cognizable claim, the court's denial of a preliminary injunction was, of course, proper.

*Affirmed.*

JOHN R. BROWN, Circuit Judge, concurring.

I concur in the Court's opinion, but write separately to emphasize that that Congress has provided parties—able to sustain the status of an "indigent"—adequate recourse to the courts by making federal funds available for preparation of transcripts necessary for review by district and circuit judges.

A cursory review of the United States Code is illustrative.

[T]he court may direct payment by the United States of the expenses of … printing the record on appeal … [and] preparing a transcript of proceedings before a United States magistrate if such transcript is required by the district court … upon the filing of an affidavit

---

3. Besides the possible applicability of 28 U.S.C. § 753(f), *supra,* in substantial cases brought by indigents, we note that the newly amended fees act makes it possible for prevailing plaintiffs under the EAHCA to recover costs, including transcript costs, Fed.R.Civ.P. 54(d), 28 U.S.C. § 1920 (1982). This does not necessarily help a party over the hurdle of finding the money to transcribe a transcript in the first place, but could make it more attractive for others to advance the funds. In some cases, moreover, one might expect a defending school district to share a transcript it has ordered and paid for, and there may be other ways the litigation can proceed. It should be noted that a civil action under EAHCA does not depend solely on the administrative record; a party may introduce additional evidence directly before the court. 20 U.S.C. § 1415(e)(2); *Town of Burlington,* 736 F.2d at 790–91.

that a person is unable to pay the costs of an action.

28 U.S.C. § 1915.

Although § 1915 specifies particular proceedings, a careful analysis of the statute's purpose leads to encompassing transcripts of quasi-judicial proceedings as well.

However, such analysis is unnecessary in light of the explicit provision of 28 U.S.C. § 753(f). Section 753(f) provides for persons appealing in forma pauperis to obtain transcripts of "other proceedings" at the expense of the United States. The only requirement is for either the trial judge or circuit judge to certify the appeal is not frivolous and presents a substantial question.

Congress has provided similar relief by including "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case" in the costs that may be taxed by a judge under 28 U.S.C. § 1920(2). The limitation of this section is merely that the trial judge deem the material "necessary" for use in the trial. The Second and Fifth Circuits have included transcribing and copying depositions as potentially necessary for use in a trial, *Brager & Co., v. Leumi Securities Corp.*, 530 F.Supp. 1361 (D.C.N.Y.), *aff'd*, 697 F.2d 288 (2d Cir.1982); *United States v. Kolesar*, 313 F.2d 835 (5th Cir. 1963). A trial judge to whom application is made might well consider that the importance of a transcript from the Board of Education hearing is surely equal to a deposition transcript in preparing and executing a review/appeal of that hearing.

Congress has made generous provisions for a needy party to obtain those materials which are necessary to seek redress of their grievances in the courts. The relief sought by appellants—and those in like situations—is available to litigants who file the required affidavit seeking in forma pauperis certification and follow the guidelines established by Congress. In light of the financial assistance available under Title 28, I concur no compelling basis for imposing the costs of transcription on the New Hampshire State Board of Education exists.