975 F.2d 646
 59 Empl. Prac. Dec. P 41,764
 Maria-Kelly F. YNIGUEZ; Jaime P. Gutierrez, Plaintiffs,
v.
STATE of Arizona, Defendant-Appellee.
Robert D. Parks; Arizonans for Official English, Applicants
in intervention-Appellants.
Maria-Kelly F. YNIGUEZ; Jaime P. Gutierrez, Plaintiffs-Appellees,
v.
Rose MOFFORD, individually and as Governor of the State of
Arizona; Robert Corbin, individually and as
Attorney General of the State of
Arizona, Defendants-Appellants.
Robert D. Parks; Arizonans for Official English, Applicants
in intervention-Appellees.
 Nos. 90-15546, 90-15581.
 United States Court of Appeals,
Ninth Circuit.
 Suggestion of Mootness Sept. 16, 1991.
Decided Sept. 16, 1992.
 
 Robert K. Corbin, Atty. Gen., Anthony B. Ching, Sol. Gen., Paula S. Bickett, Asst. Atty. Gen., Phoenix, Ariz., for appellants.
 Robert J. Pohlman, Ryley, Carlock & Applewhite, P.A., Phoenix, Ariz., for plaintiffs-appellees.
 Barnaby W. Zall, Williams & Jensen, Washington, D.C., James F. Henderson, Scult, Lazarus, French, Zwillinger & Smock, Phoenix, Ariz., for appellants, movants, intervenors.
 Appeal from the United States District Court for the District of Arizona.
 Before: TANG, REINHARDT, and FLETCHER, Circuit Judges.
 PER CURIAM:
 
 
 1
 The facts of this case have been reviewed elsewhere, see Yniguez v. State of Arizona, 939 F.2d 727, 729-30 (9th Cir.1991). In considering the State's suggestion of mootness, there is no reason to do more than mention them briefly. After Arizona voters amended their state constitution to include a provision requiring all state employees to speak only English, the plaintiff Maria-Kelly Yniguez, a state employee, brought an action alleging that the provision violated her federal constitutional rights. The district court agreed and granted her declaratory relief. The state decided not to appeal. Because of the state's decision, Robert D. Park, the sponsor of the state constitutional amendment, sought to intervene in the action for the purpose of appealing the district court's order. The district court denied his motion. We reversed, allowing Park to intervene in the action, and retained jurisdiction over the appeal. See id. at 740.
 
 
 2
 Following our decision, the state filed its suggestion of mootness. The state pointed out that the plaintiff has ceased to be a state employee and suggested that, as a result, the case is moot. We disagree with the state's suggestion; the case is not now moot.
 
 
 3
 Although the plaintiff may no longer be affected by the English only provision, that does not render her action moot. The plaintiff's constitutional claims may entitle her to an award of nominal damages. See Carey v. Piphus, 435 U.S. 247, 258-59, 98 S.Ct. 1042, 1050, 55 L.Ed.2d 252 (1978).[1] A plaintiff's pursuit of nominal damages provides a sufficiently concrete interest in the outcome of the litigation to confer standing to pursue declaratory relief and thereby prevents mootness. See Lokey v. Richardson, 600 F.2d 1265, 1266 (9th Cir.1979), cert. denied, 449 U.S. 884, 101 S.Ct. 238, 66 L.Ed.2d 110 (1980); 13A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3533.3, at 266 (2d ed. 1984); see also Ellis v. Brotherhood of Ry., Airline and S.S. Clerks, 466 U.S. 435, 442, 104 S.Ct. 1883, 1889, 80 L.Ed.2d 428 (1984) ("[A]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot.").
 
 
 4
 We note that this is true even though the district court did not award nominal damages. Following our decision allowing intervention, Park is permitted to file a notice of appeal with the district court. See Zuber v. Allen, 387 F.2d 862, 863 (D.C.Cir.1967); Pellegrino v. Nesbit, 203 F.2d 463 (9th Cir.1953). Yniguez may then file her own notice of appeal, see Fed.R.App.P. 4(a)(3), in which she may seek review of the district court's failure to award nominal damages.[2] The possibility that Yniguez may seek nominal damages on appeal is sufficient to prevent mootness. See Caroline T. v. Hudson School Dist., 915 F.2d 752, 757 (1st Cir.1990) ("[T]his court finds that the dismissal with prejudice does not render the case moot, because Caroline may seek judicial review of the dismissal order and may request that the district court remand the case to the Department of Education for a continued administrative hearing.").
 
 
 5
 If in the future it appears that Yniguez's own claim has become moot through failure to seek nominal damages, the district court should consider two further possibilities, both of which arise from the fact that Yniguez brought her suit in a quasi-representational capacity. The first is that mootness may be avoided by the intervention of a new plaintiff whose claim against the operation of the English only provision is not moot. See Kennerly v. United States, 721 F.2d 1252, 1260 (9th Cir.1983). The second is that if other individuals who are affected by the provision did not pursue their claims in reliance on Yniguez's continued pursuit of her own, Yniguez may have standing as a result of their reliance. See Bach v. Coughlin, 508 F.2d 303, 306 (7th Cir.1974). We leave these matters initially to the district court.
 
 
 6
 In conclusion, we reject the state's suggestion of mootness. The district court may now proceed to allow the parties to perfect their appeals and to conduct further proceedings in conformity with our dispositions.[3]
 
 
 
 [1]
 Although the plaintiff's complaint does not expressly request nominal damages, it did request "all other relief that the Court deems just and proper under the circumstances." That is sufficient to permit the plaintiff to pursue nominal damages. See Liberty Nat'l Ins. Holding Co. v. The Charter Co., 734 F.2d 545, 560 n. 31 (11th Cir.1984); Rental Develop. Corp. v. Lavery, 304 F.2d 839, 842 (9th Cir.1962)
 
 
 [2]
 Although Yniguez did not previously appeal the district court's implicit denial of a request for nominal damages, she had no reason to seek this form of relief at the time of the district court's judgment. Only now does the state press its mootness argument. Yniguez therefore may raise the issue of nominal damages in a future cross-appeal. Cf. Munoz v. County of Imperial, 667 F.2d 811, 817 (9th Cir.) (declining to consider issue that could have been raised in prior appeal), cert. denied, 459 U.S. 825, 103 S.Ct. 58, 74 L.Ed.2d 62 (1982)
 
 
 [3]
 In addition, we reject Park's motion to recall our mandate. Contrary to his contention and as we have explained, supra, further proceedings before the district court are necessary prior to our taking any further action with respect to this matter