# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1182

_____

| | | |
|---|---|---|
| Geoffrey Ryan Stringer; | * | |
| Robin Charee Christopher, | * | |
| | * | |
| Appellants, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| St. James R-1 School District; | * | |
| Missouri Department of Elementary | * | |
| and Secondary Education, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: December 14, 2005
Filed: May 3, 2006

_____

Before MELLOY, COLLOTON, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Plaintiffs Geoffrey Ryan Stringer and his mother, Robin Charee Christopher, sued pro se the St. James R-1 School District and the Missouri Department of Elementary and Secondary Education (DESE), seeking review of an administrative panel's decision. The district court[1] dismissed for failure to state a claim upon which

_____

[1]The Honorable Stephen N. Limbaugh, Sr., United States District Judge for the Eastern District of Missouri.

relief can be granted. Plaintiffs appeal. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

Plaintiffs objected to the District's compliance with the Individuals with Disabilities Education Act (IDEA). They invoked their due process rights under 29 U.S.C 1415(f)(1). DESE convened a three-member panel to hear the case. *See* **Mo. Rev. Stat. § 162.961(3)**. The panel ruled against plaintiffs on all claims, specifically determining that among issues not within the IDEA were: "Violation of Right to be in a controlled and disciplined classroom free from harassment during/per IEP placement and meetings."

Plaintiffs sued in federal district court, listing "IDEA 34 CRF 300.512" as the sole ground for filing the case in Federal Court. The complaint listed 13 claims, in this format:

1. Denied FAPE to Geoffrey Stringer
2. Denied/violation of Benefit of Education and the Right thereof

Mr. Bailey staff 3. Sexual harassment & other harassment severe persistent pervasive
4. Violated civil rights
5. Conspiracy by school officials of my son
6. Violated written notice
7. Deliberate indifference by DESE and St. James R-I District. (harassment & sexual harassment, due process right)
8. Deliberate retaliation
9. Deliberate blocking and harassment of Due Process Right
10. Violation of Right to parental & student access to Electronic Verbatim Record of tape witness, to Due Process by District, & panel members (DESE) of Due Process
11. Failure of St. James R-I "Failure to train" teachers of Geoffs IEP and permission to see counselor & the refuge thereof

12. Stalking by Mr. Bailey of Geoffrey Stringer
13. Breech of confidentiality by DESE & District & refusal & failure to remedy

The District and DESE moved to dismiss under Fed. R. Civ. P. 12(b)(6). The court found that 8 of the 13 claims were not properly brought under the IDEA. Of the remaining 5 claims, the district court determined that plaintiffs failed to state a claim upon which relief can be granted because they pled only conclusions with no specific facts.

This court reviews de novo a district court's decision to dismiss for failure to state a claim upon which relief can be granted. *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 916 (8th Cir. 2001). "[D]ismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001); *see also Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). This court will dismiss "only if it is clear that no relief can be granted under any set of facts that could be proven consistent with the allegations." *Casino Res. Corp. v. Harrah's Entm't ,Inc.*, 243 F.3d 435, 437 (8th Cir. 2001).

II.

Plaintiffs argue that their claims 1 and 3 state a claim upon which relief can be granted. Claim 1 is "Denied FAPE to Geoffrey Stringer." Claim 3 is "Mr. Bailey staff 3) Sexual harassment & other harassment severe persistent pervasive." Plaintiffs also emphasize the "Relief" paragraph of their complaint:

> I want to have my son protected at school from stalking & harassment including sexual. I want Mr. Bailey separate from my son totally & completely. I want harassment stopped. I want tape (electron verbatim

record) of Due Process Hearing. FAPE for my son, Deliberate Indifference ceased.

The complaint is construed in favor of plaintiffs. *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995). A complaint must allege facts sufficient to state a claim as a matter of law. *See Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). Although pro se complaints are to be construed liberally, "they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). "[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law." *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981).

Liberally construed, the complaint alleges that a Mr. Bailey and staff are harassing and sexually harassing – severely, persistently, pervasively, and with deliberate indifference – the child at school. An exhibit to the complaint is the "Decision and Order" of the administrative panel, which adds these facts: Geoffrey, who is diagnosed as autistic, is a student in the District. In October 2003, Geoffrey was suspended for six days, which was upheld by the District board. The principal (Mr. Bailey) suggested a longer suspension for disciplinary reasons, placement in an alternative school, and a loss of credits. Due to intervention by the Individual Education Program (IEP) team, the longer suspension was withdrawn, no change in placement occurred, and the board decided there would be no loss of credits.

The issue is whether these allegations state a claim under the IDEA. Plaintiffs invoke only the IDEA. The IDEA provides access to a free appropriate public education (FAPE) – a "basic floor of opportunity" so that a child with disabilities has access to an individually designed education. *See Yankton Sch. Dist. v. Schramm*, 93 F.3d 1369, 1372 (8th Cir. 1996), *citing Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester County v. Rowley*, 458 U.S. 176, 201 (1982); *see also* **20 U.S.C. §§**

**1400(d)(1)(A), 1401(9)**.  The IDEA does not require any state to provide more than meaningful access to education with some educational benefit. *See Rowley* at 192, 200.

Two circuits have ruled that harassment might be so severe and prolonged that it deprives the child of access to educational benefits, and thus violates the IDEA.  *See M.L. v. Federal Way Sch. Dist*., 394 F.3d 634, 650-51 (9th Cir. 2005); *Shore Reg'l High Sch. Bd. of Educ. v. P.S.,* 381 F.3d 194, 195 (3d Cir. 2004).  *Compare Davis v. Monroe County Bd. of Educ.,* 526 U.S. 629, 633, 651 (1999) (recognizing cause of action under Title IX for student-on-student harassment which is "so severe, pervasive, and objectively offensive that it effectively bars the victim's access to an educational opportunity or benefit"), *citing* the Title VII case of *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986).  Therefore, the administrative panel should not have flatly dismissed the issue of "Violation of Right to be in a controlled and disciplined classroom free from harassment during/per IEP placement and meetings."

The panel's ruling does not excuse the deficient complaint filed in district court. Plaintiffs do not plead any connection between the harassment allegations and their separate statements:  "1) Denied FAPE to Geoffrey Stringer" in the "Statement of claim," and "FAPE for my son" in the "Relief" paragraph.  As a result, the district court treated the allegations of harassment (dismissed without prejudice) separately from the FAPE claims.  Plaintiffs pro se did not properly seek leave to amend (and have not appealed the district court's denial).

Moreover, Plaintiffs do not allege *any* facts that the harassment deprived access to the basic educational benefits of a free appropriate public education.  The Decision and Order they attached states the opposite: "There was no suggestion that Geoffrey did not receive the services identified in his IEP."  *See generally Schaffer ex rel. Schaffer v. Weast*, 126 S.Ct. 528, 533-34 (2005) (party seeking relief, typically parents, have the burden of proof in the administrative hearing).

Plaintiffs have not stated a claim under the IDEA. The district court properly gave due weight to the administrative proceedings and did not "substitute its own notion of educational policy for that of the administrative panel." *Gill v. Columbia 93 Sch. Dist.*, 217 F.3d 1027, 1037 (8th Cir. 2000); *see also Rowley*, 458 U.S. at 206.

III.

Plaintiffs object that the District did not give written notice of Mr. Bailey's suggestions for a longer suspension, placement in an alternative school, and possible loss of credits. The IDEA requires prior written notice of any proposed initiation or change in the evaluation or educational placement of the child. *See* **20 U.S.C. §§ 1415(b)(3), 1415(c)**. The district court dismissed this claim, ruling that plaintiffs did not "come forward with any facts... in regard to their claim for 'violated written notice.'"

The complaint has three words, "Violated written notice," which clearly does not allege sufficient facts to state a claim. DESE's Decision and Order, attached to the complaint, adds no specific facts on any notice of change in placement. The Decision and Order labels as "discussion" the status of any change in placement, finding that plaintiffs both participated in developing the IEP and had actual notice of the IEP meeting where the discussion occurred. *See Doe v. Alabama State Dep't of Educ.*, 915 F.2d 651, 660-61 (11th Cir. 1990). Plaintiffs did not allege facts sufficient to state a claim. *See Springdale*, 133 F.3d at 651.

Plaintiffs contend that Christopher's statements to the DESE panel were sufficient. To the contrary, unsworn arguments are not evidence. *See Gentile v. Missouri Dep't of Corr. and Human Res.*, 986 F.2d 214, 219 (8th Cir. 1993). The district court properly dismissed the claim for a violation of written notice. *See Stone*, 364 F.3d at 914; *Springdale*, 133 F.3d at 651; *Cunningham*, 648 F.2d at 1186.

IV.

Any party to a IDEA hearing has "the right to a written, or, at the option of the parents, electronic verbatim record of such hearing." **20 U.S.C. § 1415(h)(3)**; *see also* **34 C.F.R. § 300.509(a)(4)**. At the hearing, the parent requested a tape recording of the proceedings but eventually received only a written transcript from the certified court reporter present. In the district court, plaintiffs claimed that the statute and regulation give them the option of choosing either a written record or an "electronic verbatim" audio recording of the hearing. The district court deferred to the panel's determination that: "a computer printout satisfies the definition of 'electronic' as opposed to an audiotaped recording because the typed notes come from an electronic device."

The only relevant authority is *Edward B. v. Paul*, 814 F.2d 52 (1st Cir. 1987). There, parents requested a written transcript of the administrative hearing. New Hampshire furnished a verbatim tape recording, but refused to transcribe it at state expense. *See id.* at 54. The First Circuit found the predecessor of the IDEA gave "the right to receive either a written *or* an electronic verbatim record of the hearing, with the state having the authority to provide either alternative, at its option." *Id*. The First Circuit held that "the State of New Hampshire has provided an electronic recording of the hearing, and so has complied with the statute." *Id*. In making this determination, the First Circuit necessarily ruled that a tape recording is an "electronic verbatim record," and is not a "written" verbatim record. *See also* **Oelman v. McKenzie**, No. 85-4088, 1988 WL 59655, at \*2 (D.D.C. May 27, 1988) (holding that audiotapes are "electronic verbatim record" under predecessor statute).

DESE notes that the *Edward B.* case is not binding on this court and that the governing statute has been amended. The amendment decides this case. When *Edward B.* was decided, the statute provided "the right to a written or electronic verbatim record of such hearing." **20 U.S.C. § 1415(d) (1984)**. The 1997 amendment provides "the right to a written, or, at the option of the parents, electronic verbatim record of such hearing." **20 U.S.C. § 1415(h)(3)**; *see also* **34 C.F.R. § 300.509(a)(4)**. Congress is presumed to be aware of the judicial interpretation of a statute. *See* **Lindahl v. Office**

*of Pers. Mgmt.*, 470 U.S. 768, 782 n.15 (1985); *see also* ***Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit***, 126 S. Ct. 1503, 1513 (2006); ***Redd v. Fed. Land Bank of St. Louis***, 851 F.2d 219, 222 (8th Cir. 1988). Therefore, Congress is presumed to have been aware of the First Circuit's interpretation that "electronic verbatim record" includes a tape recording when it reenacted the phrase. Given the juxtaposition of "written" records with "electronic verbatim" records in the statute, a paper transcript is most naturally included within the "written" prong, rather than the "electronic" prong.

The 1997 amendment clearly expanded the rights of parents. *See **St. Mary's Hosp. of Rochester v. Leavitt***, 416 F.3d 906, 912 (8th Cir. 2005) (distinguishing "changing" from "clarifying" amendments). By adding the word "option," Congress gave parents "the power or right to choose (between alternatives)." **Webster's Third New International Dictionary 1585 (unabridged 1966)**. One alternative is an electronic verbatim record. The parent requested a tape recording as the hearing began. DESE acts as if it has the option, not the parents.

Because an audio recording is included as an electronic verbatim record under the IDEA, while a written transcript is not, DESE should have complied with the parent's request for it. The district court thus ruled incorrectly. In this case, however, plaintiffs received a written verbatim record by a certified court reporter, and have never alleged that it is inaccurate. Because the district court properly dismissed all other claims, the failure to provide the audio recording is a harmless error. *See* **Fed. R. Civ. P. 61**.

V.

The judgment of the district court is affirmed.

_____