# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3712

_____

Joseph Erickson,                           *
                                           *
          Appellant,                       *
                                           *   Appeal from the United States
     v.                                    *   District Court for the
                                           *   District of Minnesota.
Allianz Life Insurance Company of          *
North America,                             *   [UNPUBLISHED]
                                           *
          Appellee.                        *

_____

Submitted: September 16, 2009
Filed: October 2, 2009

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Joseph Erickson appeals the district court's[1] dismissal of his civil action with prejudice. Following careful review, we conclude that the district court did not err in dismissing Erickson's claims as precluded by a prior state-court judgment of dismissal with prejudice. See 28 U.S.C. § 1738 (full faith and credit for state judicial proceedings); Allen v. McCurry, 449 U.S. 90, 96 (1980) (Congress has specifically required federal courts to give preclusive effect to state-court judgments whenever

_____

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

courts of state from which judgment emerged would do so); <u>Stringer v. St. James R-1 Sch. Dist.</u>, 446 F.3d 799, 802 (8th Cir. 2006) (de novo review); <u>Brown-Wilbert, Inc. v. Copeland Buhl & Co.</u>, 732 N.W.2d 209, 220 (Minn. 2007) (setting forth elements of res judicata under Minnesota law); <u>Hauschildt v. Beckingham</u>, 686 N.W.2d 829, 837 (Minn. 2004) (setting forth elements of collateral estoppel under Minnesota law); <u>Nelson v. Am. Family Ins. Group</u>, 651 N.W.2d 499, 511 (Minn. 2002) ("[R]es judicata bars not only claims as to matters actually litigated, but also as to every matter that might have been litigated in prior proceeding.").

Accordingly, we affirm the judgment.  <u>See</u> 8th Cir. R. 47B.

_____