F I L E D
United States Court of Appeals
Tenth Circuit

APR 27 2004

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOSEPH ANTHONY MCDANIELS,

     Plaintiff - Appellant,

v.

MARK MCKINNA; RANDY TATE;
CARLA CAMPBELL; BOB
DUNAGAN; RONALD RODRIGUEZ;
MCKENSIE and DANIELS,

     Defendants - Appellees.

No. 03-1231
(D.C. No. 99-RB-2035 (OES))
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **HENRY** and **HARTZ**, Circuit Judges.

Plaintiff Joseph Anthony McDaniels, a prisoner of the Washington state

Department of Corrections and a former inmate at the Crowley County

Correctional Facility ("CCCF"), appeals from the May 9, 2003 order of the

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

District Court for the District of Colorado granting summary judgment in favor of the Defendants, current and former correction officials of the CCCF.

Plaintiff's suit, brought pursuant to 42 U.S.C. § 1983, alleges that Defendants violated his First, Eighth, and Fourteenth Amendment rights during his incarceration at the CCCF between March 4, 1999 and May 11, 2000. Specifically, he claims that he was denied adequate medical care and an appropriate diet for his diabetes, that his conditions of confinement violated the Eighth Amendment's prohibition on cruel and unusual punishment, that the prison officials failed to protect him from other inmates, that he was denied access to the courts, and that his First Amendment rights of free speech and free exercise of religion were infringed. Finding that Plaintiff had failed to demonstrate any disputed issues of material fact, the district court granted summary judgment in favor of all Defendants on all counts.

Plaintiff, proceeding *pro se*, now appeals the entry of summary judgment on his claims alleging denial of medical care, failure to protect, cruel and unusual conditions of confinement, and violation of his First Amendment rights.[1] We

---

[1] Plaintiff's appellate brief fails to mention his claim for denial of access to the courts, and makes no mention of his inadequate medical care claim based on Defendants' alleged failure to provide him with a diet appropriate for diabetics. While we construe *pro se* pleadings liberally, we will not address issues that are wholly absent from the briefs presented to us on appeal. Plaintiff's brief does contain fleeting mention of his conditions of confinement claim and of his First

(continued...)

-2-

AFFIRM entry of summary judgment as to Plaintiff's Eighth Amendment claims, and REVERSE and REMAND as to his First Amendment claims.[2]

**Applicable Law**

Plaintiff argues that this court should apply Ninth Circuit precedent in deciding his case, since he is a prisoner of the Washington Department of Corrections. He is incorrect.

Plaintiff filed this civil case pursuant to 42 U.S.C. § 1983 in the Federal District Court for the District of Colorado, alleging that his constitutional rights were violated during his incarceration in Colorado. Our precedents govern the application and interpretation of federal law in cases where the alleged constitutional violation occurred within this circuit. Plaintiff's argument that the contract between the Washington DOC and CCCF is governed by Washington law

---

[1](...continued)
Amendment claim regarding deprivation of legal materials, and we therefore address those issues below.

Plaintiff filed an unopposed motion for leave to file a reply to Defendants' answer brief out of time on October 24, 2003. We grant the motion and consider Plaintiff's reply brief in reaching our decision set forth below.

[2]In an order entered on June 26, 2003, the district court clarified its earlier order granting summary judgment for all defendants and dismissing the case, pointing out that Defendants McKensie and Daniels had been dismissed from the case entirely, pursuant to the recommendation of the magistrate judge, because they had never been served. Plaintiff does not challenge this ruling on appeal, and so the Defendants McKensie and Daniels are no longer party to this case.

is beside the point. His § 1983 suit before us does not seek to enforce this contract; rather, he seeks redress for alleged violation of his federal constitutional rights.

**Obligation to Advise the Plaintiff re: Summary Judgment**

Plaintiff relies on the Ninth Circuit's "fair notice" rule for *pro se* prisoners to argue that he was entitled to directions from the district court or from Defendants to assist him in responding to a motion for summary judgment under Fed. R. Civ. P. 56. There is no such requirement in this Circuit. While we construe pleadings filed by a *pro se* litigant liberally, the courts do not serve as the *pro se* litigant's advocate, and *pro se* litigants are expected to follow the Federal Rues of Civil Procedure, as all litigants must.

**Appropriateness of Summary Judgment Ruling**

*1.    Summary Judgment Standard*

We review the district court's entry of summary judgment *de novo*. Summary judgment is appropriate where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We view the

evidence in the record in the light most favorable to the nonmoving party. The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Once the moving party has shown that the nonmoving party's case is not supported by the evidence, the nonmoving party "may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, 477 U.S. 242, 256 (1986).

2.      *Plaintiff's Deprivation of Adequate Medical Treatment Claim*

Plaintiff argues on appeal that the district court ignored the existence of outstanding disputed issues of material fact and improperly entered summary judgment for the Defendants on his inadequate medical treatment claims. Estelle v. Gamble, 429 U.S. 97 (1976), establishes that prison officials violate the Eighth Amendment when their conduct demonstrates deliberate indifference to the serious medical needs of prisoners in their charge. There are two parts to the Estelle standard. First, the prisoner must produce objective evidence that the medical need in question was in fact "serious." Second, the prisoner must produce subjective evidence of the prison official's culpable state of mind—that he was deliberately indifferent to the prisoner's medical needs. Id. at 106. See also Wilson v. Seiter, 501 U.S. 294, 297-98 (1991) (elaborating on the general

standard for deprivations that violate the Eighth Amendment). "Deliberate indifference" in the Eighth Amendment context requires that the prison official "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In addition, "personal participation is an essential allegation" that must be proven before a plaintiff can recover on a § 1983 claim. Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996). Simply demonstrating that the defendant occupied a supervisory position is not sufficient to establish individual liability. Id. Rather, a § 1983 plaintiff must "show that an affirmative link exists between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." Green v. Branson, 108 F.3d 1296, 1302 (10th Cir. 1997) (internal quotation marks omitted). Where deliberate indifference is alleged on the basis of a supervisor's failure to train subordinates, the plaintiff must show "a complete failure to train, or training that is so reckless or grossly negligent that future misconduct is almost inevitable." Meade v. Grubbs, 841 F.2d 1512, 1528 (10th Cir. 1988).

Plaintiff's appellate brief directs us to the affidavits attached to his motion in opposition to summary judgment filed with the district court, but there are no

-6-

facts there that create a material factual dispute under the legal standard laid out above. Plaintiff's fact claims boil down to two basic propositions—first, that McKinna was aware of Plaintiff's many medical issues; and second, that McKinna, in his role as Warden, had general supervisory responsibility for the operations of the CCCF. The conclusory averments in the affidavits offered by Plaintiff—to the effect that McKinna and his deputy Tate were "hands-on" managers to whom all departments of the CCCF reported directly—do not create any dispute over whether McKinna personally participated in depriving Plaintiff of medical treatment or whether McKinna was deliberately indifferent to Plaintiff's medical difficulties.

Since Plaintiff has failed to carry his burden to set forth specific facts showing the existence of a genuine and material fact issue for trial, the district court properly granted summary judgment to Defendants on the medical care claim.[3]

---

[3]Plaintiff's briefs and affidavits make no mention, in connection with this inadequate medical care claim, of any Defendants other than McKinna and, much more briefly, Tate. Therefore, the district court properly granted summary judgment on this count to all Defendants.

*3.    Plaintiff's Failure to Protect Claim*

As with cases claiming inadequate medical care, an inmate's § 1983 claim under the Eighth Amendment for failure to protect can only succeed if the plaintiff shows "personal involvement or participation in the incident" on the part of the defendant prison official.  Supervisor status alone does not create liability. Grimsley v. MacKay, 93 F.3d 676, 679 (10th Cir. 1996).  The plaintiff must also show that he was "incarcerated under conditions posing a substantial risk of harm" and that prison officials were deliberately indifferent to that risk.  Farmer, 511 U.S. at 834.

The mere fact that an inmate was injured is not sufficient to demonstrate that the inmate was subjected to conditions posing a substantial risk of harm. Grimsley, 93 F.3d at 682.  Such conditions have been found to exist where prison officials have disregarded repeated threats or warnings predicting harm to a specific prisoner or where adequate safety devices are not provided for those working with an obviously dangerous piece of machinery.  Id. at 681.

Plaintiff's appellate brief claims that the district court improperly made credibility judgments about Plaintiff's factual allegation that there were no correction officers other than Recreation Coordinator Dunagan in the yard at the time of the fight in which Plaintiff was injured.  The magistrate judge's recommendation, however, accepts the facts as narrated by Plaintiff in his

deposition, and concluded that those facts did not demonstrate deliberate indifference on the part of Dunagan or other members of the CCCF staff.

Plaintiff presented two arguments to oppose summary judgment on his failure to protect claim; first, that an inadequate number of prison officers were present in the yard at the time of the incident, and second, that Dunagan demonstrated deliberate indifference by not personally intervening to halt the fight and by not pushing an emergency button that would have summoned assistance from other officers. Plaintiff's first claim, that staffing the yard with only one officer to oversee a football game created conditions that posed a substantial risk of serious harm, is supported only by conclusory assertions that one officer was not enough. He fails to state what staffing level would have been appropriate, nor does he present any evidence that one officer had been insufficient in the past to quell fights that broke out after football games.

Plaintiff's second claim, that Dunagan did not properly intervene to protect him, is supported by evidence that might, at most, establish negligence on Dunagan's part. In Plaintiff's telling, Dunagan failed to physically intervene in the fight until Plaintiff reached for a yard marker to use as a weapon for self-defense. The entire incident, by Plaintiff's own admission, lasted three minutes. Plaintiff does not claim, moreover, that Dunagan had prior knowledge of any specific threat to Plaintiff's safety. Thus, while Dunagan's slow reaction to the

fight might constitute negligence, it does not rise to the level of deliberate indifference required to establish liability under the Eighth Amendment. The district court's entry of summary judgment on this count was therefore proper.

4.    *Plaintiff's Conditions of Confinement Claim*

The general standard governing liability under the Eighth Amendment for medical care and inmate protection also applies to claims over general conditions of confinement. The district court granted summary judgment on Plaintiff's claims, finding that Plaintiff had not introduced facts from which the court could conclude the conditions of his confinement were sufficiently "serious," and that Plaintiff had not presented any evidence to show Defendants were personally involved in keeping him in those conditions and did so with deliberate indifference to the risk of harm. Plaintiff's appellate brief fails to discuss his conditions of confinement claim, except for a single cursory reference to his claims to have suffered from frostbite, and he fails to point to anything in the record that would contradict the district court's conclusions. We therefore find that summary judgment was properly entered on this count.

5.    *Plaintiff's First Amendment Claims*

Plaintiff argues that he is eligible for compensatory damages in connection with his First Amendment claims for deprivation of various religious items and of his legal materials.  He bases his argument, however, on Ninth Circuit precedent which, as we mentioned above, does not control our decision.  As the district court properly noted, this court's interpretation of the Prison Litigation Reform Act of 1996 (PLRA) in Searles v. Van Bebber, 251 F.3d 869 (10th Cir. 2001), prevents him from advancing any claims for compensatory damages in the absence of physical injury.  42 U.S.C. § 1997e(e).

Nevertheless, we conclude that the district court's entry of summary judgment on this claim was improper.  The magistrate judge's recommendations, which were adopted by the district court, recognized that our decision in Searles did not foreclose prisoners' claims for First Amendment violations that only sought nominal damages or punitive damages.  In finding that this Plaintiff was not entitled to pursue a claim for nominal damages, however, the magistrate judge and the district court appeared to argue that the fact that Plaintiff was no longer incarcerated at CCCF made his claims moot.  The district court was correct that Plaintiff would not have a valid declaratory judgment claim now that he is no longer housed at that facility.  The unique justiciability limits on declaratory

-11-

judgment actions, however, do not apply to actions seeking nominal damages, even if the practical effects of both actions are similar.

In O'Connor v. City and County of Denver, this court held that a claim for nominal damages sought *past* damages, and was therefore not mooted by revisions in the law that had been challenged by the plaintiffs. 894 F.2d 1210, 1215-16 (10th Cir. 1990). We relied on the same reasoning in Committee for the First Amendment v. Campbell, 962 F.2d 1517 (10th Cir. 1992), where we reversed a grant of summary judgment on the grounds that the plaintiffs' claims for nominal damages were not mooted by a change in the challenged policy. Id. at 1526-27. In Beyah v. Coughlin, the Second Circuit applied this principle to an inmate's Free Exercise claims, finding that, while the prisoner's claims for declaratory and injunctive relief might be mooted by his transfer to another facility, his claims for nominal damages were not. 789 F.2d 986, 988-89 (2d Cir. 1986).

Since the district court based its entry of summary judgment on Plaintiff's First Amendment claims on what appear to be mootness grounds, we REMAND this case so that the district court may have the opportunity to consider whether these claims can survive summary judgment on their merits under the standards set forth in O'Lone v. Estate of Shabazz, 482 U.S. 342 (1987), and Turner v. Safley, 482 U.S. 78 (1987).

We therefore AFFIRM the entry of summary judgment as to Plaintiff's

Eighth Amendment claims against all Defendants, and REVERSE and REMAND

the entry of summary judgment on Plaintiff's Free Exercise and Free Speech

claims for further consideration by the district court.[4]


ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

---

[4]Plaintiff moved this court to allow his appeal to proceed without prepayment of his filing fees under 28 U.S.C. § 1915(b). We grant his motion, but note that no partial payments have been received since his motion was conditionally granted on August 15, 2003. We therefore remind Plaintiff that he is obligated to make the partial payments required by statute and by our order of August 15, 2003 until the entire fee has been paid.