HENRY, J.,
concurring.
I fully concur in the reasoning of the majority opinion, which I join. I write separately because of my concern that the coroner’s verdict in my colleague’s concurrence to his majority opinion may, like the famed rumors of Twain’s demise, be somewhat “exaggerated.”
It may in fact be true, that the Munchkin coroner would determine that the Wicked Witch of the East was most sincerely moot. However, Dorothy’s case or controversy was certainly not “really most sincerely moot.” There were other disputes still alive: Wiceanal interference with First Amendment rights had not been eliminated, illegal activity was capable of repetition and potentially evading review, and collateral consequences included that matter of not only nominal, but eventually liquidated damages.
Nominal damages live in Oz, in this and other circuits, and in numerous state courts, and they often serve a vital purpose. My colleague’s concurrence’s major contribution, I believe, is to suggest the vigorous application of court discretion with respect to attorney fees when nominal damages do not vindicate constitutional values.
I.
Judge McConnell questions our circuit precedent, and that of several other circuits and many state courts, which allows a claim for nominal damages to keep an otherwise moot case alive. But a legal principle exists for a reason, and often, as Justice Holmes famously noted, for experiential reasons rather than logical ones. I believe, as stated, that my colleague makes an important contribution that might call forth some academic discussion about these issues. However, I believe the best response to his concern is to use the tools we now have to rein in excessive attorney fees and thereby reduce- litigation commenced only for that purpose. We should be careful before we abandon the long-held view that nominal damages may keep a constitutional case alive.
Mootness and standing jurisprudence are certainly confusing. See Erwin Chemerinsky, A Unified Approach to Jus-ticiability, 22 Conn. L.Rev. 677 (1990) (“The entire area of justiciability is a morass that confuses more than it clarifies.”). Professor Chemerinsky, Judge McConnell, and I agree that the essential question is “whether granting a present determination of the issues offered ... will have some effect in the real world.” Concurrence at 5 (McConnell, J.) (quoting Citizens for Responsible Gov’t State Political Action Comm. v. Davidson, 236 F.3d 1174, 1182 (10th Cir.2000) (internal quotation marks omitted)); see Chemerinsky, supra, at 697 (“If a federal court ruling in favor of the plaintiff would have no effect-if the world will remain the same-then the court likely is wasting its time and is just rendering an advisory opinion.”). Where we seem to differ is as to the importance, as Justice Powell puts it, of the “scrupulous[ ] observation]” of certain absolute rights. Carey v. Piphus, 435 U.S. 247, 266, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978).
II.
As my colleague notes in section II of his concurrence, the fact that damages are nominal does not mean they may not be important. See Farrar v. Hobby, 506 U.S. 103, 121, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (O’Connor, J., concurring) (“Nominal relief does not necessarily a nominal *1272 victory make.”)- He points out that nominal damages are important in libel cases or boundary disputes. He also notes, but seeks to distinguish for today’s purposes, Supreme Court precedent that awards nominal damages when compensatory damages were sought but not proved. See Concurrence at 1264-65 (McConnell, J.) (citing Carey, 435 U.S. at 266-67, 98 S.Ct. 1042; id. at 11, 109 S.Ct. 202) (citing Memphis Community Sch. Dist. v. Stachura, 477 U.S. 299, 308 n. 11, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986)).
However, the cases clearly do not say that nominal damages do not provide justi-ciability. In Carey, two elementary and secondary school students in Illinois had been suspended from school for twenty days without being provided appropriate procedural due process. The Supreme Court ruled that in the absence of proof of actual injury, students whose procedural rights were violated, but whose suspensions were justified on the facts, are entitled to recover only nominal damages “not to exceed one dollar.” 435 U.S. at 266-67, 98 S.Ct. 1042. In so doing, the Court noted the common law foundation for granting nominal damages in certain cases:
Common-law courts traditionally have vindicated deprivations of certain “absolute” rights that are not shown to have caused actual injury through the award of a nominal sum of money. By making the deprivation of such rights actionable for nominal damages without proof of actual injury, the law recognizes the importance to organized society that those rights be scrupulously observed; but at the same time, it remains true to the principle that substantial damages should be awarded only to compensate actual injury or, in the case of exemplary or punitive damages, to deter or punish malicious deprivations of rights.
Id. at 266, 98 S.Ct. 1042. The Court thus remanded the case for determination of those nominal damages — that is, to determine whether the right that must “be scrupulously observed” has been violated, and what sort of nominal damages (“not to exceed one dollar,” id. at 267, 98 S.Ct. 1042, but certainly an important dollar) should be awarded. That the Court held that “the denial of procedural due process should be actionable for nominal damages without proof of actual injury,” id. at 267, 98 S.Ct. 1042, only underscores the argument that the denial of a substantive constitutional right is indisputably actionable for nominal damages.[1]
Judge McConnell concludes that Carey and Memphis give rise to the argument that there can be no mootness in constitutional cases, and that it is difficult to imagine a case in which a plaintiff could not insulate the case from mootness by appending a claim for nominal damages. But this is what these cases (each authored by the distinguished and highly regarded Justice Powell) hold' — with no dissent in either ease. The Tenth Circuit does not stand alone in its reading of these cases and the policies behind them.[2]
*1273 The fact that nominal damages may be similar to declaratory judgments does not mean they shouldn’t be awarded — rather, it may just mean that some sort of justicia-ble issue survives because there is still declaratory judgment-like jurisdiction. Furthermore, we have indicated in an unpublished decision that “[t]he unique justi-ciability limits on declaratory judgment actions ... do not apply to actions seeking nominal damages, even if the practical effects of both actions are similar.” McDaniels v. McKinna, No. 03-1231, 96 Fed. Appx. 575, 581, 2004 WL 887356, at *4 (10th Cir. Apr.27, 2004) (reversing district court’s entry of summary judgment on mootness grounds) (citing O’Connor v. City and County of Denver, 894 F.2d 1210 (10th Cir.1990) and Committee for the First Amendment v. Campbell, 962 F.2d 1517 (10th Cir.1992)).
Of course, there can still be moot cases in constitutional matters. For example, when the cause of action does not survive (privacy claims, defamation), a plaintiffs death would moot the case. A defendant could also simply pay the nominal damages, thereby mooting the case (and rely on this circuit’s adoption of Justice O’Con-nor’s factors to evaluate attorney fees from Farrar, 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494, to defend against attorney fee claims).
The very issue before us provides a case in point. Although we have disagreed with the district court’s view of standing, we have determined, as the district court did, that the same claims were moot and that, on the merits, the plaintiffs are not entitled to nominal damages (despite the fact thát with more clear and artful lawyering a *1274 claim for compensatory damages might have been stated).
Finally, although a plaintiff may seek to keep a case alive by manufacturing a claim of nominal damages, there is little incentive to do so. A truly nominal victory, after Farrar and our court’s adoption of Justice O’Connor’s Farrar factors, will result in no fee. A plaintiff who manufactures such a claim will simply be creating more.expense for itself.
III.
I differ slightly with my distinguished colleague as well on his reading of Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources, 532 U.S. 598, 604, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), and Farrar. Contrary to Judge McConnell’s view, it seems that the Supreme Court has stated, or at least come very close to stating, that nominal damages do prevent mootness. See Buckhannon, 532 U.S. at 604-05, 121 S.Ct. 1835 (noting that, under the FHAA and the ADA, there must be a “judicially sanctioned change” in the parties’ legal relationship before a party is entitled to an award of attorneys’ fees, and that “[w]e have held that even an award of nominal damages suffices under this test”); Farrar, 506 U.S. at 115, 113 S.Ct. 566 (“As we have held, a nominal damages award does render a plaintiff a prevailing party by allowing him to vindicate his ‘absolute’ right to procedural due process through enforcement of a judgment against the defendant.”); see also City of Riverside v. Rivera, 477 U.S. 561, 574, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986) (“Unlike most private tort litigants, a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms.”); Carey, 435 U.S. at 266, 98 S.Ct. 1042. Thus an award of nominal damages is a judicially sanctioned change in the parties’ legal relationship. See also Michael Ashton, Note, Recovering Attorneys’ Fees with the Voluntary Cessation Exception to Mootness Doctrine after Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources, 2002 Wiso. L.Rev. 965, 979 (2002) (“Even a claim for nominal damages prevents the case from becoming moot.”).
Further, this holding is not necessarily problematic when coupled with other jurisprudence, as the Note cited above indicates. Id. (noting that although a claim for nominal damages prevents mootness, “the plaintiff might recover little if any attorneys’ fees upon winning only nominal damages.”). As stated above, Justice O’Connor’s Farrar factors for determining whether fees are justified have been adopted in this circuit. Farrar, 506 U.S. at 120-22, 113 S.Ct. 566 (O’Connor, J., concurring) (outlining factors as (1) the difference between the judgment recovered and the recovery sought; (2) the significance of the legal issue on which the plaintiff prevailed; and (3) the public purpose served by the litigation); see Phelps v. Hamilton, 120 F.3d 1126, 1130 (10th Cir.1987) (adopting Justice O’Connor’s factors). In Barber v. T.D. Williamson, Inc., 254 F.3d 1223, 1232 (10th Cir.2001), we applied the'Farrar factors and noted some courts have concluded that “a public goal is accomplished if the plaintiffs victory encourages attorneys to represent civil rights litigants, affirms an important right, puts the defendant on notice that it needs to improve, and/or provokes a change in the defendant’s conduct.” We have ample guidance as to how to assess the validity of an attorney fee claim. See id.; Jones v. Lockhart, 29 F.3d 422, 423-24 (8th Cir.1994) (applying the three O’Connor Farrar factors); Cartwright v. Stamper, 7 F.3d 106, 109-10 (7th Cir.1993) (same). The factors do assist a district court, which has discretion anyway, in determining whether plaintiffs should receive fees. And would- *1275 be plaintiffs had better think about them before initiating suit.
Judge McConnell suggests that the quoted language from Farrar and Buck-hannon is of limited application: “where nominal damages are properly awarded in a case within the court’s Article III jurisdiction, the plaintiff has “ ‘prevailed’ ” within the meaning of 42 U.S.C. § 1988.” Concurrence, at 12 (McConnell, J.). I don’t read the language quite so narrowly. If the case were moot under Buckhannon, obviously no fees could be awarded. The language must mean that if a plaintiff seeks to vindicate her absolute right through a nominal damages award, then we still have a case or controversy, and there are no prudential reasons to avoid hearing the case.
IV.
In conclusion, I believe that the Supreme Court has directly and indirectly indicated that a claim for nominal damages in a constitutional case may vindicate rights that should be scrupulously observed, and hence, such a case is not, nor should it be, moot. Our society still recognizes that constitutional rights may have to be declared, even if they do not give rise to easily calculated damages.
Further, I believe that our evolving jurisprudence in attorney fee matters gives a disincentive to plaintiffs proceeding with cases where no real damage exists, or where a victory will be so nominal as to result in a nominal attorney fee. I imagine the plaintiff in this case understands what I mean.

. See Hans Linde, Due Process of Lawmaking, 55 Neb. L.Rev. 197, 255 (1976) ("If this republic is remembered in the distant history of law, it is likely to be for its enduring adherence to legitimate institutions and processes, not for its perfection of unique principles of justice and certainly not for the rationality of its laws.”).

. See Bernhardt v. County of L.A., 279 F.3d 862, 871 (9th Cir.2002) ("[W]e must conclude that [plaintiff’s] claims for prospective relief are moot, although we hold that her possible entitlement to nominal damages creates a continuing live controversy.”); Doe v. Delie, 257 F.3d 309, 314 (3d Cir.2001) (holding that where claims for injunctive and declaratory relief were moot, and claim for compensatory damages was prohibited, "[t]he availability of damages or other monetary relief almost always avoids mootness”); Van Wie v. Pataki, 267 F.3d 109, 115 n. 4 (2d Cir.2001) (noting *1273 that to avoid potential for mootness, "for suits alleging constitutional violations under 42 U.S.C. § 1983, it is enough that the parties merely request nominal damages”) (emphasis added); Yniguez v. Arizona, 975 F.2d 646, 647 (9th Cir.1992) (per curiam) ("The possibility that [plaintiff] may seek nominal damages on appeal is sufficient to prevent mootness.”), vacated on other grounds, 520 U.S. 43, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997); Beyah v. Coughlin, 789 F.2d 986, 988-89 (2d Cir.1986) (although claims for declaratory and injunc-tive relief were moot, plaintiffs "claim for damages would not be moot since it is now well established that if he can prove that he was deprived of a constitutionally protected right, and if defendants are not able to establish a defense to that claim, [he] will be entitled to recover at least nominal damages.”) (emphasis added); Wiggins v. Rushen, 760 F.2d 1009, 1011-12 (9th Cir.1985) (“Even if [plaintiff’s] transfer to [a different facility] prevented him from receiving injunctive relief, his claim for [nominal] damages survived.”); Henson v. Honor Comm. of Univ. of Va., 719 F.2d 69, 72 n. 5 (4th Cir.1983) (indicating trial court's suggestion that procedural due process claims were moot was in error, noting "[t]he Supreme Court has made it plain that the deprivation of procedural due process creates an independent right to seek, at a minimum, nominal damages”); Murray v. Bd. of Trs., Univ. of Louisville, 659 F.2d 77, 79 (6th Cir.1981) (although claims for declaratory and injunctive relief were moot, and dismissal of plaintiff’s claim for actual damages was not clearly erroneous, under Carey, district court must "consider in this § 1983 action plaintiff's claims for nominal damages and attorney fees”); see also 13A Charles Alan Wright et al., Federal Practice and Procedure § 3533.3 at 262 (2d ed. 1984) ("Damages should be denied on the merits, not on grounds of mootness.”); id. at 266, 98 S.Ct. 1042 ("A valid claim for nominal damages should avoid mootness.”); id. ("The very determination that nominal damages are an appropriate remedy for a particular wrong implies a ruling that the wrong is worthy of vindication by an essentially declaratory judgment.”). But see Hernandez v. European Auto Collision, Inc., 487 F.2d 378, 387 (2d Cir.1973) (Timbers, J., concurring) (where plaintiff did not have standing to challenge New York's lien law, "[n]ot having found ajusticia-ble controversy permitting a declaration, the claim for nominal damages, which is clearly incidental to the relief sought, cannot properly be the basis upon which a court should find a case or controversy where none in fact exists”) (internal quotation marks omitted).