**F I L E D**
United States Court of Appeals
Tenth Circuit

**FEB 4 2004**

**PATRICK FISHER**
Clerk

<u>PUBLISH</u>

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

THE COLORADO OFF-HIGHWAY
VEHICLE COALITION,

    Plaintiff-Appellant,

v.

UNITED STATES FOREST SERVICE;
DANIEL GLICKMAN, Secretary of
Agriculture; MICHAEL P. DOMBECK,
Chief of the United States Forest Service;
LYLE LAVERTY, Regional Forester for
Region II; JERRY SCHMIDT, Forest
Supervisor for the Medicine Bow-Routt
National Forest,

    Defendants-Appellees,

and

THE WILDERNESS SOCIETY,
COLORADO MOUNTAIN CLUB;
COLORADO WILD, INC.; and
WILDLANDS CENTER FOR
PREVENTING ROADS,

    Intervenors-Appellees.

No. 02-1536

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 99-K-1149)**

---

Submitted on the Briefs[*]

D. Andrew Wight, Denver, Colorado, for Plaintiff-Appellant.

John W. Suthers, United States Attorney, and Nina Y. Wang, Assistant United States Attorney, Denver, Colorado, for Defendants-Appellees.

James S. Angell, Denver, Colorado, for Intervenors-Appellees.

Before **TACHA**, **BALDOCK**, and **McCONNELL**, Circuit Judges.

**BALDOCK**, Circuit Judge.

Defendant United States Forest Service (USFS) issued a Decision Notice in October 1997 limiting cross-country off-road vehicle (ORV) use to designated roads and trails in roughly 217,184 acres of the Routt National Forest (disputed area).[1] Plaintiff Colorado Off-Highway Vehicle Coalition appealed the 1997 Decision Notice to the USFS Regional Forester. The Regional Forester upheld the decision. Plaintiff then sought review of the Regional Forester's decision in federal district court. The district court likewise upheld the USFS's decision. Plaintiff appealed. After reviewing the administrative record, we conclude Plaintiff's federal action is moot and thus the district

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(A)(2). The case is therefore ordered submitted without oral argument.

[1] A decision notice is a concise written record of a USFS official's decision on a particular matter based upon an environmental assessment and a finding of no significant impact. 36 C.F.R. § 215.2.

court lacked jurisdiction to proceed.

I.

Plaintiff seeks to engage in cross-country ORV use in the Routt National Forest. The Routt National Forest, located in northwest Colorado, covers an area of over one million acres. The USFS manages Routt pursuant to the Multiple-Use Sustained Yield Act and the National Forest Management Act (NFMA). See 16 U.S.C. §§ 528-31, 1600-14. Pursuant to the NFMA, the USFS also manages Routt under a forest plan known as the Routt Land and Resource Management Plan. 16 U.S.C. § 1604(a).

A.

A forest plan provides day-to-day management standards for a national forest. Id. Because the creation or revision of a forest plan constitutes a major federal action impacting the environment, a forest plan must be supported by an Environmental Impact Statement (EIS). Id. § 1604(g)(1); 42 U.S.C. § 4332(2)(C). An EIS "is a detailed statement of the environmental impact of a proposed action." Friends of the Bow v. Thompson, 124 F.3d 1210, 1213 (10th Cir. 1997). NFMA's forest planning procedures also require the USFS to provide notice and opportunities for public comment before creating or implementing proposed changes in a forest plan. 16 U.S.C. § 1604(d).

The NFMA requires the USFS to revise its forest plan at least every fifteen years. Id. § 1604(f)(5)(A). When revising a forest plan, the USFS must follow the same rulemaking procedures required for the creation of the original forest plan. 36 C.F.R.

3

§ 219.9. These obligatory procedures include proper notice, opportunities for public comment, and preparation of an EIS. Id. The NFMA further provides that the USFS may amend a forest plan. 16 U.S.C. § 1604(f)(4). Any significant amendments to a forest plan must also follow the same procedures required for the creation of the original forest plan. 36 C.F.R § 219.8(b).

When a forest plan is in effect, the USFS implements the policies of the forest plan through various proposals, projects, and decisions. Id. § 219.10. All projects and decisions must be consistent with the overall forest plan. Id. "If a proposed site-specific decision is not consistent with the applicable plan, the responsible official may modify the proposed decision to make it consistent with the plan, reject the proposal; or amend the plan to authorize the action." Id.; see also 16 U.S.C. § 1604(i).

## B.

In 1983, the USFS enacted Routt's first forest plan. The 1983 Routt Forest Plan did not specify whether ORV use was allowed off designated roads and trails in the disputed area. Instead, the 1983 Routt Forest Plan directed the USFS to classify areas in which ORV use is permitted and to specify ORV restrictions based on guidelines set forth in the Forest Service Manual. Until 1990, the disputed area was classified as "open yearlong to the use of motorized travel *on and off* Forest Development roads and trails." (emphasis added).

In the early 1990s, the USFS reevaluated its ORV use policy in the disputed area

because of environmental concerns. After studying the problem and receiving public comment, the USFS Forest Supervisor issued an initial decision notice (unrelated to this appeal) that limited ORV use in the disputed area to designated roads and trails. The USFS Regional Forester, however, overturned the initial decision notice for failure to prepare an adequate interdisciplinary analysis. After additional study and public comment, the USFS Forest Supervisor issued the 1997 Decision Notice. The 1997 Decision Notice reclassified the disputed area as "closed yearlong to the use of motorized vehicles off of Designated Forest Development roads and trails[.]"

Plaintiff filed an administrative appeal with the Regional Forester. Plaintiff argued, among other things, that the 1997 Decision Notice was arbitrary and capricious, lacked adequate public comment, constituted a "significant amendment" to the 1983 Routt Forest Plan, and lacked an EIS. The Regional Forester upheld the 1997 Decision Notice. Plaintiff appealed the Regional Forester's decision to the district court seeking declaratory and injunctive relief. The district court upheld the Regional Forester's decision and stated the USFS was not required to prepare an EIS and that sufficient evidence supported the decision.

Subsequent to the 1997 Decision Notice and amidst Plaintiff's litigation, the USFS issued a revised Routt Forest Plan as required by the NFMA. See 16 U.S.C. § 1604(f)(5)(A). In revising the 1983 Routt Forest Plan, the USFS received public comment and issued a draft and final EIS. In 1998, the USFS finalized the revised Routt

5

Forest Plan as the primary management plan over Routt. Plaintiff did not challenge the USFS's revision and implementation of the 1998 Routt Forest Plan in the district court. Like the 1997 Decision Notice, the 1998 Routt Forest Plan prohibits "motorized use with wheeled vehicles on lands outside designated travelways." Unlike the 1997 Decision Notice, however, the 1998 Routt Forest Plan permits ORV use off designated roads and trails if "a forest order indicates that such use is specifically allowed."

Although Plaintiff and the USFS briefly mention the 1998 Routt Forest Plan in their appellate briefs, they failed to analyze whether the 1998 Routt Forest Plan affects Plaintiff's request for injunctive relief.[2] Instead, Plaintiff continually and exclusively attacks the 1997 Decision Notice. Accordingly, we *sua sponte* requested supplemental briefing on the following issue: "Whether the 1997-98 Routt Forest Plan Revision moots or changes the argument that the 1997 Decision Notice 'significantly amended' the 1983 Forest Plan." After reviewing the supplemental briefs, we hold the 1998 Routt Forest Plan moots Plaintiff's challenge to the 1997 Decision Notice.

II.

Article III limits a federal court's jurisdiction to "cases and controversies." U.S. Const. art III, § 2. As Justice Gray opined, "[t]he duty of this court, as of every other

---

[2] The district court also mentioned the 1998 Routt Forest Plan but simply noted "[t]he relationship, if any, between the 1997 Decision and the [1998] Forest Plan is not clear from the record on appeal and is not addressed by the parties." The district court, therefore, did not discuss the implications of the forest plan revision.

judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions[.]" Mills v. Green, 159 U.S. 651, 653 (1895). The "case or controversy" requirement applies at all stages of review. McClendon v. City of Albuquerque, 100 F.3d 863, 867 (10th Cir. 1996). As such, mootness is a threshold issue of jurisdiction which this Court may raise *sua sponte*. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 95 (1998); McClendon, 100 F.3d at 867.

A case is moot, thereby depriving a court of jurisdiction, when the case no longer presents an actual "case or controversy." Preiser v. Newkirk, 422 U.S. 395, 400-01 (1975). A "case or controversy" no longer exists when it is impossible for the court to grant any effectual relief whatsoever to a prevailing party. Church of Scientology v. United States, 506 U.S. 9, 12 (1992); Smith v. Plati, 258 F.3d 1167, 1179 (10th Cir. 2001). Thus, when "an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal." Mills, 159 U.S. at 653.

Here, Plaintiff's case is moot because we are unable to grant "any effectual relief." Plaintiff mainly seeks to enjoin the USFS's 1997 Decision Notice limiting ORV use to designated roads and trails in the disputed area. Plaintiff continually attacks the 1997 Decision Notice by arguing the USFS failed to: (1) adequately assess environmental

7

issues; (2) prepare an EIS; (3) allow sufficient opportunities for public comment; and (4) collect and set forth substantial site-specific evidence supporting its decision. Plaintiff also argues the 1997 Decision Notice constituted a "significant amendment" to the 1983 Routt Forest Plan. Plaintiff bases every argument solely upon the 1983 Routt Forest Plan.

Plaintiff fails to recognize, however, that the 1983 Routt Forest Plan no longer exists. Instead, the 1998 Routt Forest Plan superceded the 1983 Routt Forest Plan. Although the 1983 Routt Forest Plan governed Routt at the inception of Plaintiff's case, the 1998 Routt Forest Plan now provides overall management and general guidelines for the Routt National Forest. The 1998 Routt Forest Plan limits ORV use to designated USFS roads and trails unless otherwise allowed. Specifically, the 1998 Routt Forest Plan prohibits "motorized use with wheeled vehicles on lands outside designated travelways unless a forest order indicates that such use is specifically allowed." Consequently, the 1998 Routt Forest Plan's ORV policy is now the governing ORV policy in the Routt National Forest. All other "resource plans and permits, contracts, and other instruments" or decisions *must* be consistent with the 1998 Routt Forest Plan and the ORV policy contained therein. See 16 U.S.C. § 1604(i) (emphasis added).

As a result of the new ORV policy, enjoining the USFS's 1997 Decision Notice would be futile. If we enjoined the 1997 Decision Notice, as Plaintiff requests, ORV use in the disputed area would still be limited to USFS designated roads and trails as mandated by the 1998 Routt Forest Plan. In other words, Plaintiff would be in no better

8

position if we enjoined the 1997 Decision Notice. Simply, Plaintiff mounts its legal attack on an administrative decision which the 1998 Routt Forest Plan supercedes.

Prior to the ordering of supplemental briefs, Plaintiff briefly mentioned the 1998 Routt Forest Plan in a footnote in its opening brief. In that footnote, Plaintiff states the EIS used for the 1998 Routt Forest Plan is inadequate because it incorporated "*fait accompli*" the 1997 Decision Notice. Plaintiff's argument is unavailing. Nowhere in Plaintiff's opening brief does Plaintiff ask this Court to analyze the validity of the 1998 Routt Forest Plan or its underlying procedures in light of the NEPA or the NFMA. Although Plaintiff does ask this Court to "set aside" the underlying EIS for the 1998 Routt Forest Plan in its supplemental brief, a supplemental brief is not the place to raise additional demands for relief. See Soap v. Carter, 632 F.2d 872, 876 (10th Cir. 1980) ("We disapprove of the practice of asserting new issues in reply or supplemental briefs[.]"). Further, even assuming Plaintiff is correct in arguing the 1998 EIS incorporated "*fait accompli*" the 1997 Decision Notice, we are not inclined to usurp the administrative process. Plaintiff fails to show it raised this issue before the USFS or the district court.

Moreover, in light of the 1998 Routt Forest Plan and its accompanying EIS, Plaintiff's argument that the USFS failed to prepare an EIS before issuing the 1997 Decision Notice is now meaningless. As mentioned, the NFMA requires an EIS and public comment prior to a forest plan revision. 36 C.F.R. § 219.9. The 1998 Routt Forest

9

Plan revision was no exception. The 1998 Routt Forest Plan was ostensibly based upon a final EIS after a public comment period in which Plaintiff participated. See Hain v. Mullin, 327 F.3d 1177, 1180 (10th Cir. 2003); See also Friends of the Clearwater v. Dombeck, 222 F.3d 552, 560-61 (10th Cir. 2000) (claim that USFS failed to prepare a supplemental EIS mooted when the USFS subsequently prepared the document).

III.

Based on the foregoing, Plaintiff's challenge to the 1997 Decision Notice and its request for declaratory and injunctive relief is moot. The 1998 Routt Forest Plan and its accompanying ORV use policy now governs the Routt National Forest making Plaintiff's attack on the 1997 Decision Notice futile.[3] Therefore, we vacate the district court's September 30, 2002 "Memorandum Decision on Appeal" and October 3, 2002 "Judgment on Appeal" and remand with instructions to dismiss the case for lack of jurisdiction.

---

[3] Plaintiff does not argue that a "mootness exception" applies in this case. Further, we have determined that no "mootness exception" seems applicable. See Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d §§ 3533.5-3533.9 (1984).