McCONNELL, J.,
concurring.
This case is reminiscent of the coroner’s verdict in The Wizard of Oz: It’s not only merely moot, it’s really most sincerely moot. In March, 2001, Plaintiffs filed an application for a permit to conduct protests on public property during the 2002 Winter Olympics. At the time Plaintiffs brought this lawsuit, seven months later, the City had not yet acted on their application. Believing they were constitutionally entitled to prompt action on their permit application, Plaintiffs filed suit for a temporary restraining order, preliminary injunction, and permanent injunction “against the defendants requiring them to process the applications submitted by plaintiff,” and for a declaratory judgment that the City’s Ordinance governing demonstration permits was unconstitutional insofar as it lacked “specific written deadlines in processing applications for permits.” Complaint ¶¶ 30, 35, App. 9, 10. Plaintiffs also sought nominal damages of $1 in connection with both their facial and their as-applied claims. Id. ¶¶ 32, 36, App. 10-11.
By the time argument took place in district court, the Winter Olympics had taken place; Plaintiffs’ application had been denied (two and one half months before the Olympics); Plaintiffs had filed a modified application; they had received demonstration permits; they had conducted demonstrations pursuant to those permits; and the City had amended the Ordinance to require action on permit applications within 28 days. One would think the controversy was over. Plaintiffs nonetheless continue to pursue this litigation, seeking a judicial holding that the eight-month delay in processing their application was unconstitutional and that the Ordinance in its pre-amended form was facially unconstitutional.
Federal courts, however, are not debating societies to determine whether past actions and defunct ordinances were constitutional. Federal courts exist to resolve live controversies, to remedy wrongs, and to provide prospective relief. There is no relief a court can order now that would undo the delay in processing Plaintiffs’ application, which occurred in 2001. Certainly, there is no basis for granting Plaintiffs’ requested temporary restraining order, preliminary injunction, or permanent injunction to “process plaintiffs’ application.” Their application was processed long ago, and there is nothing more to be done. Moreover, because Plaintiffs do not seek compensatory damages, there is no retrospective relief we could grant that might make them whole for the alleged constitutional violation. There is no point in deciding whether the former ordinance was unconstitutional on its face, because it has been amended to correct the alleged constitutional defect. And there is no possibility that Plaintiffs will be subjected to similar, allegedly unconstitutional, treatment in the future, because the amended ordinance now requires prompt decision on permit applications. In other words, this controversy is over, it will not recur, and there is nothing this Court can do to affect the matter. If ever a case were fully and completely moot, it is this one.
The panel was constrained to take jurisdiction in this case because of Tenth Circuit precedent holding that a claim for nominal damages precludes dismissal of the case on mootness grounds. Comm, for the First Amendment v. Campbell, 962 F.2d 1517, 1526 (10th Cir.1992); O’Connor *1263 v. City & County of Denver, 894 F.2d 1210, 1215-16 (10th Cir.1990). I believe those decisions were incorrect and that either an en banc court or the Supreme Court should hold that a case that is otherwise nonjusticiable on account of mootness is not saved by the mere presence of a prayer for nominal damages. I am aware that my position is contrary not only to precedent in this Circuit, but also to the views of a distinguished commentator. See' 18A Wright, Miller & Cooper, Federal Practice and Procedure § 3538.3, at 266 (2d ed. 1984) (“A valid claim for nominal damages should avoid mootness.”). Nonetheless, I think that the proposition that a claim for nominal damages automatically precludes mootness is inconsistent with fundamental principles of justiciability.
I
“Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies.... To satisfy the Article III case or controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision.” Iron Arrow Honor Soc’y v. Heckler, 464 U.S. 67, 70, 104 S.Ct. 373, 78 L.Ed.2d 58 (1983) (citations omitted); see also North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971). “[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.” Preiser v. Newkirk, 422 U.S. 395, 401, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975) (citations omitted). “[P]ast exposure to alleged illegal conduct does not establish a present live controversy if unaccompanied by any continuing present effect.” McClendon v. City of Albuquerque, 100 F.3d 863, 867 (10th Cir.1996); see also Horstkoetter v. Dep’t of Public Safety, 159 F.3d 1265, 1276-77 (10th Cir.1998) (where there is no realistic possibility that the allegedly unconstitutional conduct toward the plaintiff will recur, claims for injunctive and declaratory relief pertaining to past conduct are moot).
It is not enough that a plaintiff wishes to have the moral satisfaction of a judicial ruling that he was right and his adversary was wrong; the relief sought must have legal effect in determining the present and future rights and obligations of the parties. “The crucial question is whether ‘granting a present determination of the issues offered ... will have some effect in the real world.’ ” Citizens for Responsible Gov’t State Political Action Comm. v. Davidson, 236 F.3d 1174, 1182 (10th Cir.2000), quoting Kennecott Utah Copper Corp. v. Becker, 186 F.3d 1261, 1266 (10th Cir.1999); see also Colorado Off-Highway Vehicle Coalition v. United States Forest Serv., 357 F.3d 1130, 1133 (10th Cir.2004) (“A ‘case or controversy’ no longer exists when it is impossible for the court to grant any effectual relief whatsoever to a prevailing party.”); Air Line Pilots Ass’n v. UAL Corp., 897 F.2d 1394, 1396-97 (7th Cir.1990) (the test is whether the relief sought would “make a difference to the legal interests of the parties (as distinct from their psyches, which might remain deeply engaged with the merits of the litigation)”).
This case involves questions of both mootness and standing. These are closely related doctrines. Standing doctrine addresses whether, at the inception of the litigation, the plaintiff had suffered a concrete injury that could be redressed by action of the court. Mootness addresses whether the plaintiff continues to have such a stake throughout the course of the litigation. The Supreme Court has described the doctrine of mootness as “the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).” Arizonans for Official English, 520 U.S. 43, 68 n. 22, 117 *1264 S.Ct. 1055, 137 L.Ed.2d 170 (1997), quoting United, States Parole Comm’n v. Geraghty, 445 U.S. 388, 397, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980), quoting Henry Monaghan, Constitutional Adjudication: The Who and When, 82 Yale L.J. 1363, 1384 (1973).[1]
At the time this suit was filed, the Utah Animal Rights Coalition (“UARC”) was allegedly suffering injury by virtue of the City’s allegedly unconstitutional delay in acting on its demonstration permit, and the injury could be redressed by injunctive relief ordering the City to process the permit application. As the panel opinion explains, UARC thus had standing to bring this suit. As noted above, however, by the time the district court heard argument and rendered its decision, UARC was no longer suffering any ongoing injury as a result of the City’s challenged practices and the challenged ordinance had been amended to correct the alleged constitutional flaw. Thus, the “requisite personal interest that existed at commencement of the litigation]),]” Arizonans for Official English, 520 U.S. at 68 n. 22, 117 S.Ct. 1055, no longer existed. The question is whether a claim for nominal damages is sufficient to keep alive a controversy that otherwise is moot.
II
“Nominal damages are damages in name only, trivial sums such as six cents or $1.” 1 Dan B. Dobbs, Dobbs Law of Remedies § 3.3(2), at 294 (2d ed.1993). They do not purport to compensate for past wrongs. They are symbolic only. But that does not mean they are without legal import. There are times when an authoritative legal determination of a dispute is all that the parties require: neither damages nor injunctive relief are necessary. Nominal damages can be a-practical and effective remedy, both in constitutional and in other civil cases, where there is a genuine case or controversy between the parties but the injury to the plaintiff is not monetary and there is no basis for compensatory damages. See id.; Carey v. Piphus, 435 U.S. 247, 266-67, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978). When neighboring landowners wish to obtain a legal determination of a disputed boundary, for example, one might sue the other for nominal damages for trespass. See Douglas Laycock, Modern American Remedies: Cases and Materials 561 (3d ed.2002). In such a case, the dollar is not the real objective of the litigation. The point is to obtain an authoritative judicial determination of the parties’ legal rights. The judgment for the plaintiff — reflected in the award of nominal damages — fully redresses the plaintiffs injury, and resolves the boundary dispute for the future. Similarly, plaintiffs sometimes seek nominal damages in libel suits in order to vindicate their reputations by proving that the supposed libel was a falsehood; but they do not necessarily assert that they suffered any monetary loss.[2]
*1265 In this case, nominal damages serve no such purpose. A declaration that the City should have processed Plaintiffs’ application more rapidly in 2001 would have no legal significance now; nor would a declaration that the former Ordinance was facially defective. The award of nominal damages would serve no practical purpose, would have no effect on the legal rights of the parties, and would have no effect on-the future.. As the Supreme Court commented in Farrar v. Hobby, in which a plaintiff received only nominal damages, success in this litigation would “accomplish! ] little beyond giving [plaintiffs] ‘the moral satisfaction of knowing that a federal court concluded that [their] rights had been violated.’ ” 506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992), quoting Hewitt v. Helms, 482 U.S. 755, 762, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987) (last bracket in original).
An analogy may be drawn to declaratory judgments. Nominal damage awards serve essentially the same function as declaratory judgments; indeed, scholars tell us that nominal damages were originally sought as a means of obtaining declaratory relief before passage of declaratory judgment statutes. See Laycock, supra, at 561 (“The most obvious purpose [of nominal damages] was to obtain a form of declaratory relief in a legal system with no general declaratory judgment act.”); 1 Dobbs, supra, at 295 (“Lawyers might have asserted a claim for nominal damages to get the issue before the court in the days before declaratory judgments were recognized.”); 13A Wright, Miller & Cooper, supra, § 3533.3, at 266 (“The very determination that nominal damages are an appropriate remedy for a particular wrong implies a ruling that the wrong is worthy of vindication by an essentially declaratory judgment”). For justiciability purposes, I see no reason to treat nominal and declaratory relief differently.
It is well established that the Declaratory Judgment Act “enlarged the range of remedies available in the federal courts but did not extend their jurisdiction.” Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671, 70 S.Ct. 876, 94 L.Ed. 1194 (1950); see also Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 15, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); United Food & Commercial Workers Union, Local 1564 v. Albertson’s, Inc., 207 F.3d 1193, 1197 (10th Cir.2000). Thus, if a case is otherwise moot, the existence of a prayer for declaratory relief does not keep the case alive. Preiser, 422 U.S. 395, 95 S.Ct. 2330, 45 L.Ed.2d 272; Golden v. Zwickler, 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969); see Facio v. Jones, 929 F.2d 541, 544 (10th Cir.1991) (“plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured in the future”); 10B Wright, Miller & Cooper, supra, § 2757, at 495 (1998) (“a declaratory judgment cannot be given, if a matter has become moot”). The same should be true of nominal damages. Nominal damages, like declaratory judgments, are a form of remedy available in cases *1266 where the court has Article III jurisdiction. Enlargement of the remedies available to the courts does not expand their jurisdiction.
Indeed, if appending a claim for nominal damages were sufficient to create standing or to avoid mootness, litigants could manufacture Article III jurisdiction by the mere expedient of pleading. It is hard to conceive of a case in which a plaintiff would be unable to append a claim for nominal damages, and thus insulate the case from the possibility of mootness. Article III justici-ability should not be so manipulable.
This is not to say that a lawsuit in which nominal damages are the only claim for relief is always or necessarily moot. The question, as with declaratory judgment actions involving past conduct, is whether an award of nominal damages will have practical effect on the parties’ rights and responsibilities in the future. Preiser, 422 U.S. at 401-04, 95 S.Ct. 2330; Golden, 394 U.S. at 108-10, 89 S.Ct. 956; see also Rhodes v. Stewart, 488 U.S. 1, 4, 109 S.Ct. 202, 102 L.Ed.2d 1 (1988) (per curiam) (holding that entry of a declaratory judgment after a case had become moot does not constitute “relief’ for purposes of attorneys fees under § 1988 because it does not “affect the behavior of the defendant toward the plaintiff’). For reasons already explained, a declaratory judgment action involving past conduct that will not recur is not justiciable. That is equally true here. Labeling the requested relief “nominal damages” instead of “declaratory judgment” should not change the analysis.
The Supreme Court has noted that where constitutional rights have been violated, an award of nominal damages “recognizes the importance to organized society that those rights be scrupulously observed.” Memphis Community School Dist. v. Stachura, 477 U.S. 299, 308 n. 11, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986). It might be argued that vindication of such rights remains important even when the legal rights and obligations of the parties will not be affected by the remedy. But the argument proves too much; it is essentially an argument against the mootness doctrine in constitutional cases. If society’s interest in “vindicating” constitutional wrongdoing in this abstract sense were sufficient to support Article III justiciability, no constitutional case would ever become moot.
Ill
The Supreme Court has never held that a claim for nominal damages is sufficient to maintain the justiciability of a case that otherwise would be moot. In neither of the Supreme Court’s leading cases on nominal damages did the issue of mootness arise. See Carey, supra; Memphis Community School Dist., supra. In Carey, the plaintiffs had received a substantial damages award from the jury. The Supreme Court reversed that award, held that the plaintiffs were entitled to “at least” nominal damages, and remanded to the lower court to determine whether the plaintiffs were also entitled to compensatory damages. Because compensatory damages remained at issue both in the Supreme Court and on remand, there is no question that the case presented a live controversy. 435 U.S. at 266-67, 98 S.Ct. 1042. In Memphis Community School, the trial court awarded compensatory damages, but on appeal the Court found that the plaintiff was entitled only to nominal damages. The cases contain no suggestion that the presence of a claim for nominal damages would prevent a case from becoming moot, because in both cases, the plaintiffs’ entitlement to compensatory damages was a live issue at each stage of the litigation.
Arizonans for Official English is the only case in which the Supreme Court has discussed the relation between mootness *1267 and nominal damages. There, the Court reversed a lower court ruling that the case was not moot on account of a claim for nominal damages against the State of Arizona. 520 U.S. at 69-72, 117 S.Ct. 1055. Because the State was immune from damages,[3] the Court held that what it called “the nominal damages solution to mootness” did not apply. Id. at 69 n. 24, 117 S.Ct. 1055. The Court neither embraced nor repudiated the underlying assumption that a claim for nominal damages could save a lawsuit from mootness where nominal damages are available.
The Supreme Court has held that nominal damages can suffice to make the plaintiff a “prevailing party” for purposes of entitlement to attorneys fees. Farrar v. Hobby, 506 U.S. at 115, 113 S.Ct. 566; Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep’t of Health & Human Res., 532 U.S. 598, 604, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). That is not inconsistent with the proposition that a claim for nominal damages can become moot. It stands only for the proposition that where nominal damages are properly awarded in a case within the court’s Article III jurisdiction, the plaintiff has “prevailed” within the meaning of 42 U.S.C. § 1988.
This Court has twice squarely held that a claim for nominal damages precludes dismissal for mootness. In Committee for the First Amendment v. Campbell, 962 F.2d 1517 (10th Cir.1992), a university student group challenged the decision of university officials to bar exhibition of a controversial film' — The Last Temptation of Christ — but before the district court rendered a decision, the officials rescinded the order and the film was shown; subsequently the University adopted a new policy that comported with the First Amendment. The students persisted in the litigation, seeking declaratory and in-junctive relief, as well as monetary damages. This Court held that the student’s claim for injunctive relief -was moot, both with respect to the specific film (which was advertised and shown on the dates it was originally scheduled) and with respect to university policy (which had been amended to eliminate the claimed constitutional defect). Id. at 1524-26. The Court held, however, that the students’ claim for nominal damages was not moot. The Court analyzed the question as follows:
Neither the showing of the' film on the originally scheduled dates, nor the subsequent enactment of the 1991 policy erases the slate concerning the alleged First Amendment violations in connection with the film. Therefore, the district court erred in dismissing the nominal damages claim which relates to past (not future) conduct. If proven, a violation of First Amendment rights concerning freedom of expression entitles a plaintiff to at least nominal damages.
Id. at 1526-27 (emphasis in original), citing Carey, supra; Fyfe v. Curlee, 902 F.2d 401, 406 (5th Cir.1990); Familias Unidas v. Briscoe, 619 F.2d 391, 402 (5th Cir.1980).
As explained above, I believe this analysis is inconsistent with principles of justici-ability. The reason compensatory damage claims do not become moot is that, if awarded, they have real legal effect: the plaintiff is made whole and the defendant pays the costs of its misconduct. Nominal damages, by contrast, are “damages in name only.” 1 Dobbs, supra, at 294. They have only declaratory effect and do not otherwise alter the legal rights or obligations of the parties. As such, they can *1268 sometimes constitute effectual relief, but only with respect to future dealings between the parties. Where, as in Committee for the First Amendment, like the instant case, the challenged past conduct did not give rise to a compensable injury and there is no realistic possibility of a recurrence, nominal damages have no more legal effect than would injunctive or declaratory relief in the same case.
None of the cases cited by the Court in Committee for the First Amendment suggested that nominal damages claims are immune from dismissal for mootness. In all of them, the plaintiffs sued for compensatory damages, reinstatement, or other forms of effectual relief for alleged past misdeeds, in addition to nominal damages. In Carey, as already explained, a live claim for compensatory damages was at issue at every stage of the litigation. In Fyfe, the court concluded that the plaintiff, who had lost on the merits in district court, had proven a constitutional violation and was entitled at least to nominal damages; the appellate court remanded for consideration of other remedies, including reinstatement. 902 F.2d at 406. In Familias Unidas, the court affirmed the district court’s conclusion that the plaintiff, though correct on the merits, had “failed to prove any actual, compensable injury.” 619 F.2d at 402. The court held that the proper remedy was a declaratory judgment and nominal damages. Id. Each of these cases, therefore, was a live controversy over compensatory damages and other forms of concrete relief. In none of these cases did the plaintiff go to court on a bare claim for nominal damages.
In O’Connor v. City and County of Denver, 894 F.2d 1210 (10th Cir.1990), commercial movie theaters sued for declaratory and injunctive relief against the enforcement of a municipal entertainment licensing ordinance, and for damages for past enforcement actions. During the pendency of the lawsuit, the City repealed the challenged ordinance. The plaintiffs conceded their claims for injunctive and declaratory relief were therefore moot, and at trial they withdrew their claims for damages except nominal damages. Id. at 1215. This Court held that “Plaintiffs’ withdrawal of claims coupled with the failure of their proof did not moot their claim for nominal damages.” Id. In explanation, the Court relied on the unexceptional proposition that “ ‘by definition claims for past damages cannot be deemed moot.’ ” Id., quoting Taxpayers for Animas-La Plata Referendum v. Animas-La Plata Water Conservancy Dist., 739 F.2d 1472, 1479 (10th Cir.1984). The Court then stated:
There is no question that the nominal damages sought in this case were past damages not affected by any changes in the Code. We hold that repeal and amendment of the Code did not moot plaintiffs’ claim for nominal damages.

Id.

Again, for reasons already explained, I do not think this reasoning is in conformity with constitutional requirements regarding justiciability. The reason compensatory damages (the remedy sought in Taxpayers for Animas-La Plata Referendum) do not become moot is that they constitute effectual relief for the plaintiffs past losses. Nominal damages are more akin to declaratory relief, and should be subject to the same justiciability principles.
Outside of this Circuit, the cases are mixed. The Sixth and Ninth Circuits, like ours, squarely hold that a claim for nominal damages is sufficient to render a case justiciable. See e.g., Murray v. Bd. of Trustees, Univ. of Louisville, 659 F.2d 77, 79 (6th Cir.1981); Yniguez v. Arizona, 975 F.2d 646, 647 (9th Cir.1992). Second Circuit panels appear to have taken inconsistent positions on the issue. Compare Her *1269 nandez v. European Auto Collision, Inc., 487 F.2d 378, 387 (2d Cir.1973) (holding that a claim for nominal damages does not avoid mootness), with Davis v. Village Park II Realty Co., 578 F.2d 461, 463-64 (2d Cir.1978) (holding that in a civil rights action, the availability of either nominal or substantial damages was sufficient to avoid mootness). The Seventh Circuit has suggested, but not held, that a claim for nominal damages is insufficient to avoid mootness. Lister v. Lucey, 575 F.2d 1325, 1336 (7th Cir.1978). Other circuits have held that cases are not moot where there are claims for both nominal and compensatory or punitive damages. E.g.,. Doe v. Delie, 257 F.3d 309, 313-14 & n. 3 (3d Cir.2001) (case is not moot where plaintiff has a claim to both nominal and punitive damages); Henson v. Honor Comm, of the Univ. of Virginia, 719 F.2d 69, 72 n. 5 (4th Cir.1983) (case not moot where plaintiff sought compensatory damages and if he should prevail would be entitled to “at least nominal damages”).
I therefore conclude that although the issue is resolved in this Circuit, it has not been resolved by the Supreme Court or by the weight of authority nationwide.
IV
In his concurring opinion, Judge Henry rightly asks what effect a ruling that nominal damages claims can become moot would have on the availability of attorneys fees under 42 U.S.C. § 1988, and hence on the incentives for civil rights plaintiffs to bring lawsuits challenging unconstitutional state action. Indeed, the most likely reason why a plaintiff would continue to pursue litigation, despite the cost, when a favorable judgment would have no practical effect, is the possibility of obtaining fees.
In Farrar, the Supreme Court held that a § 1983 plaintiff who seeks compensatory damages but receives only nominal damages is a “prevailing party” for purposes of attorneys fees under 42 U.S.C. § 1988— though it also held that in such a case “the only reasonable fee is usually no fee at all.” 506 U.S. at 115, 113 S.Ct. 566. Presumably, a plaintiff who seeks only nominal damages, and prevails on the claim, would also be a “prevailing party.” The entitlement of such a party to attorneys fees would be determined according to the factors set forth by Justice O’Connor in her concurrence in Farrar, 506 U.S. at 121-22, 113 S.Ct. 566, and adopted by this Circuit in the context of declaratory relief in Phelps v. Hamilton, 120 F.3d 1126, 1131—32 (10th Cir.1997).
But the prospect of attorneys fees does not affect whether the underlying claim is justiciable. As the Supreme Court has stated, the “interest in attorney’s fees is, of course, insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim.” Lewis v. Cont'l Bank Corp., 494 U.S. 472, 480, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990) (citation omitted); see also Diamond v. Charles, 476 U.S. 54, 70-71,106 S.Ct. 1697, 90 L.Ed.2d 48 (1986); Citizens for Responsible Gov’t State Political Action Comm. v. Davidson, 236 F.3d 1174, 1183 (10th Cir.2000) (citations omitted). If a case becomes moot during the course of litigation, “the expiration of the underlying cause of action does not moot a controversy over attorney’s fees already incurred,” but at the same time, a live claim for attorneys fees does not prevent the case from becoming moot. Dahlem v. Bd. of Educ. of Denver Pub. Schs., 901 F.2d 1508, 1511 (10th Cir.1990).
The as-applied claim in this casé became moot when the City acted on UARC’s permit application, and the facial claim became moot no later than when the City amended the Ordinance. Both events occurred before the district court rendered *1270 any decisions in the case. It surely follows that Plaintiffs would not be entitled to any fees for legal work performed after the case became moot (even assuming, contrary to fact, that they were prevailing parties[4]). As the Court stated in Rhodes, 488 U.S. at 4,109 S.Ct. 202: “The case was moot before judgment issued, and the judgment therefore afforded the plaintiffs no relief whatsoever. In the absence of relief, a party ... is not entitled to an award of attorney’s fees.”[5]
As to legal work performed before the case became moot, it would have been arguable, prior to Buckhannon, that this work was eligible for attorneys fees on the theory that it was the “catalyst” for Salt Lake City’s decision to amend the Ordinance. In Buckhannon, however, the Supreme Court held that plaintiffs are not entitled to attorneys fees under § 1988, even if their legal efforts induced the defendant to change its prior unconstitutional practices, unless the litigation resulted in some form of judicial relief. 532 U.S. at 603, 121 S.Ct. 1835. Whether one agrees with the result in Buckhannon as a matter of policy (Congress is free to change the result by amending § 1988), the availability of attorneys fees should depend on the actual consequences of the litigation, and not on whether the plaintiff used the label “nominal damages” in its prayer for relief.
One of the perverse consequences of treating nominal damages as an exception to ordinary mootness principles is that it would create an incentive for plaintiffs in cases covered by fee-shifting statutes to continue to run up legal bills even after the underlying dispute no longer presents any justiciable legal controversy. Section 1988 was enacted by Congress to encourage civil rights plaintiffs to undertake private enforcement, S.Rep. No. 1011, 94th Cong., 2nd Sess. 2 (1976), reprinted in 1976 U.S.C.C.A.N. 5908. 5910, but there is no public interest in prolonging litigation after it ceases to serve any practical purpose. See Farrar, 506 U.S. at 121-22, 113 S.Ct. 566 (O’Connor, J., concurring), cited in Phelps, 120 F.3d at 1131-32 (basing the availability of attorneys fees in cases of nominal damages or declaratory relief, in part, on “whether the judgment vindicates important rights and deters future lawless conduct as opposed to merely ‘occupying the time and energy of counsel, court, and client/ ”). If a claim for nominal damages cannot become moot, and is eligible for fees under § 1988 (albeit subject to the Farrar factors), plaintiffs may be induced to waste legal and judicial resources by continuing litigation when there is no longer any point to it. If the concern is how a plaintiff could ever get a recalcitrant defendant to change its conduct without the expenditure of precious resources for legal representation, the answer is to amend § 1988 to authorize fees for “catalyst” actions, not to allow plaintiffs to continue to litigate otherwise moot legal claims merely because they have alleged nominal damages.
V
Committee for the First Amendment and O’Connor are squarely on point, and thus govern disposition of this case by the panel. I do not believe, however, that their holding is consistent with general principles of justiciability. Nor is the mat *1271 ter settled by Supreme Court precedent or by the weight of authority in the other circuits. I therefore concur in the panel’s decision reaching the merits of this moot controversy, while suggesting that in an appropriate case, either this Court sitting en banc or the Supreme Court, should examine the question.

. To be sure, there are some differences between standing and mootness doctrine, as noted in Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 190-92, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000), but those differences are not relevant here.

. In some cases, the plaintiff may seek compensatory damages at the outset of trial, but the court may award nominal damages based on the conclusion that the defendant violated the plaintiff’s right but the plaintiff could not prove actual damage. See, e.g., Familias Uni-das v. Briscoe, 619 F.2d 391, 402 (5th Cir.1980); cf. Memphis Community School Dist. v. Stachura, 477 U.S. 299, 308 & n. 11, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986) (plaintiff was awarded compensatory damages by the trial court, but on appellate review it was concluded that only nominal damages were appropriate). Professor Laycock describes nominal damages in such cases as a “consolation prize.” Laycock, supra, at 561. As long as there remains a live controversy over the claim for compensatory damages, the case is not moot. City of Richmond v. J.A. Croson *1265 Co., 488 U.S. 469, 478 n. 1, 109 S.Ct. 706, 102 L.Ed.2d 854 (1989); Powell v. McCormack, 395 U.S. 486, 495-96, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). Thus, when a plaintiff who is awarded only nominal damages at trial appeals on the ground that it should have received compensatory damages, there is a live case or controversy. Similarly, when a defendant challenges an award of compensatory damages on appeal and the appellate court concludes that only nominal damages were appropriate, the case also is not moot. In this case, by contrast, the plaintiff abandoned any claim for compensatory damages at trial, presumably because it could not prove damages. Op. 6 (counsel "conceded that UARC was seeking redress for a ‘somewhat abstract violation' and that UARC could not show any 'special damages.' ”).

. The State was immune because 42 U.S.C. § 1983, under which the suit was brought, creates no remedy against a state, Arizonans for Official English, 520 U.S. at 69, 117 S.Ct. 1055, and because the State was not a party to the litigation, id. at 69-70, 117 S.Ct. 1055.

. In this case, Plaintiffs lost on the merits both in the district court and in this Court, and thus are not prevailing parties under any definition.

. In Stewart, the plaintiffs obtained a declaratory judgment against the defendants. To be consistent with the later-decided Farrar, Stewart is probably best understood not as holding that the plaintiffs were not "prevailing parties” but that, as in Farrar, "the only reasonable fee” was "no fee at all.” 506 U.S. at 115, 113 S.Ct. 566.