**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**October 4, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JEFFREY LOWE; LAUREN LOWE;
GREATER WYNNEWOOD EXOTIC
ANIMAL PARK, LLC; TIGER KING,
LLC,

    Defendants.

------------------------------

CARRIE M. LEO,

    Movant - Appellant.

No. 21-7058
(D.C. No. 6:20-CV-00423-JFH)
(E.D. Okla.)

_____

### ORDER AND JUDGMENT*
_____

Before **HOLMES**, Chief Judge, **KELLY**, and **HARTZ**, Circuit Judges.
_____

---

    * After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Carrie M. Leo sought to intervene in this action brought by the United States. The district court denied her motion, and she appeals that ruling.[1]  While her appeal has been pending, the proceedings in the district court concluded.  The government argues in its answer brief that the conclusion of the district-court proceedings moots this appeal.  Ms. Leo filed a reply brief, but she did not respond to the mootness argument.  For that reason we conclude she has waived any argument against mootness, and we dismiss this appeal.

### Background

Jeffrey Lowe, Lauren Lowe, and Greater Wynnewood Exotic Animal Park, LLC (GWEAP), operated a roadside zoo in Wynnewood, Oklahoma.  In a separate lawsuit a court entered an order requiring them to vacate the Wynnewood location. Soon thereafter, the Lowes helped to form Tiger King, LLC, to market the zoo, which was to be moved to a new location in Thackerville, Oklahoma.

The United States brought this civil lawsuit against the Lowes, GWEAP, and Tiger King, alleging violations of the Endangered Species Act and the Animal Welfare Act.  During the lawsuit the government seized several animals from the Thackerville site.  The Lowes then agreed to abandon the remaining animals at that site to the government.

After the government took possession of the abandoned animals in August 2021, Ms. Leo moved to intervene in the case, claiming to own eight of the animals.

---

[1] Ms. Leo represents herself, so we construe her filings liberally.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

She said that she had boarded them at the Wynnewood site in April 2017 and that she had been trying to get them back since the fall of 2018.

The district court denied Ms. Leo's motion to intervene. It said that Ms. Leo failed to provide any identifying information beyond the animals' species "that would allow it to determine whether the animals boarded for her in April 2017 at the Wynnewood Location are the same animals surrendered to the United States in 2021 from the Thackerville location." R. vol. 13 at 59. The court therefore concluded that Ms. Leo did not sufficiently demonstrate "an interest that would be adversely affected by this litigation." *Id.* at 60.

After Ms. Leo filed this appeal, the government and the Lowes entered into a consent decree. The Lowes agreed that their abandonment of animals from the Thackerville site was lawful. And the government agreed to dismiss its claims against the Lowes. The district court approved the consent decree and entered a default judgment against GWEAP and Tiger King, leaving no claims remaining in the district court.[2]

### *Discussion*

We lack jurisdiction to consider a moot case. *See Colo. Off-Highway Vehicle Coal. v. U.S. Forest Serv.*, 357 F.3d 1130, 1133 (10th Cir. 2004). A case becomes moot if an event makes it impossible to grant "any effectual relief whatever," in

---

[2] The government filed a motion asking us to take judicial notice of the default judgment and other filings from the district court's docket. We have supplemented the record to include those filings, so we deny the motion as moot.

which case we "will not proceed to a formal judgment, but will dismiss the appeal."

*Id.* (internal quotation marks omitted).

The government argues in its answer brief that this appeal is moot because the district-court proceedings have ended.  Although Ms. Leo filed a reply, she did not respond to the government's mootness argument.

By failing to address the government's mootness argument, Ms. Leo has waived any response that is not obvious.  *See Eaton v. Pacheco*, 931 F.3d 1009, 1031 (10th Cir. 2019) ("Eaton doesn't respond to the state's mootness argument in his reply brief.  Accordingly, we treat any non-obvious responses he could have made as waived and assume the state's mootness analysis is correct.").  Although mootness "is an issue of subject matter jurisdiction," *Ind v. Colo. Dep't of Corr.*, 801 F.3d 1209, 1213 (10th Cir. 2015), "our duty to consider unargued *obstacles* to subject matter jurisdiction does not affect our discretion to decline to consider waived arguments that might have *supported* such jurisdiction," *Tompkins v. U.S. Dep't of Veterans Affs.*, 16 F.4th 733, 735 n.1 (10th Cir. 2021) (brackets and internal quotation marks omitted).

The circumstances of this case yield no obvious response to the government's mootness argument.  Granted, we have previously concluded that a settlement by parties did not moot the pending appeal of an order denying intervention.  *See FDIC v. Jennings*, 816 F.2d 1488, 1490–91 (10th Cir. 1987).  But *Jennings* differs from this case in at least one significant way:  The proposed intervenor in *Jennings*, unlike

4

Ms. Leo, had filed a complaint in the district court.[3] *Id.* at 1490. As a result, in *Jennings* we were able to assess whether the settlement foreclosed relief on the proposed intervenor's claims. *Id.* at 1491. Here, by contrast, we lack not only a pleading from Ms. Leo but also any suggestion about how she could still obtain relief. This uncertainty precludes an obvious response to the mootness claim.

### Conclusion

We deny as moot the government's motion for judicial notice. We grant Ms. Leo's motion to proceed on appeal without prepaying fees and costs. We dismiss this appeal.

Entered for the Court

Harris L Hartz
Circuit Judge

---

[3] Ms. Leo filed an amended motion to intervene that included a proposed complaint. But the district court struck the amended motion, and Ms. Leo does not challenge that action on appeal. Nor does she argue that we should consider her stricken filing.